UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM SETTLES** )<br>as Personal Representative of the<br>Estate of **SELENA SETTLES**, )<br>deceased, and on behalf of the<br>Next of Kin of **SELENA SETTLES** )<br>4922 4th Street, N.W.<br>Washington, D.C. 20011 )<br><br>  *Plaintiff* )<br><br>v. )<br><br>**UNITED STATES OF AMERICA** )<br>**Serve:** Kenneth L. Wainstein,<br>United States Attorney for the District of Columbia )<br>Office of the United States Attorney for<br>The District of Columbia )<br>Judiciary Center<br>555 Fourth Street, N.W. )<br>Washington, D.C. 20530<br> )<br>*and*<br> )<br>**Serve:** Alberto Gonzales, Attorney General<br>of the United States )<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20530<br> )<br>  *Defendant*<br> ) | Case No.: 1:05CV01361 (JR) |

**FIRST AMENDED COMPLAINT**
**(Medical Malpractice)**

Plaintiff, William Settles, as Personal Representative of the Estate of Selena Settles, deceased, and on behalf of the next of kin of Selena Settles, sues the above-named Defendant, stating as follows:

*1873/USDC.Amended.Complaint*

## COUNT I
### (Survival Action)

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1346 (b) and 2671 et seq. All necessary conditions precedent have been fulfilled and, therefore, Plaintiff is entitled to maintain this action in this Court at this time.

2. William Settles is the duly appointed Personal Representative of the Estate of Selena Settles, deceased. The Decedent is survived by her next of kin, among them, her children, Ronnelle and Ronald Farrington and Charnese and Janiya Settles, her father, William Settles, and others. The Personal Representative brings this action on behalf of both the Decedent's estate and her next of kin.

3. Unity Health Care, Inc., is a domestic corporation duly incorporated under the laws of the District of Columbia, providing medical and health care services to the public. Unity Health Care, Inc., owns and operates health care facilities in the Washington, D.C. area, including Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024 and, through its agents, apparent agents, employees, servants, representatives, independent contractors, and/or residents, provided care to the Plaintiff's Decedent during the time frames complained of herein and owed the Plaintiff's Decedent the duty to conform its conduct to the prevailing standards of care.

4. At all times relevant herein, Earl Nicholas, M.D., represented himself as a health care provider practicing in the District of Columbia who represented to the Plaintiff's Decedent and the general public that he possessed that degree of skill, knowledge, and ability possessed by a reasonably competent medical practitioner practicing under the same or similar circumstances as those involving the care of the Decedent, Selena Settles. As such, Earl

Nicholas, M.D., owed to the Plaintiff's Decedent a duty to conform his conduct to the prevailing standards of care.

5. At all times pertinent herein, Unity Health Care, Inc., and Earl Nicholas, M.D., provided health care services to Plaintiff's Decedent as an agent, servant and/or employee of the United States of America. As such, Defendant United States of America owed to the Plaintiff's Decedent a duty to conform its conduct to prevailing standards of care, by itself, and through its agents, servants and/or employees. Defendant United States of America is liable for the actions of its agents, servants and/or employees, including Unity Health Care, Inc., and Earl Nicholas, M.D.

6. Defendant United States, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc., and Earl Nicholas, M.D., employ, own, control, operate and/or contract with health care facilities in the Washington, D.C. area, which provided care to the Plaintiff's Decedent during the time frames complained of herein, and owed the Plaintiff's Decedent the duty to conform its conduct to the prevailing standards of care. At all times of which the Plaintiff complains, Defendant represented to the Decedent and the general public that it possessed the degree of knowledge, ability, and skill possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Decedent, Selena Settles.

7. Pursuant to the Federal Tort Claims Act, all conditions precedent to the institution of this action against the United States of America have been met. See 28 U.S.C.A. § 2675 (a). The Plaintiff presented claims to the U.S. Department of Health & Human Services which identified the breaches in the standard of care committed by the Defendant that are alleged in Counts I, II and III of this Complaint. The six-month mandatory administrative

waiting period has expired which exhausted the federal administrative process.  Additionally, on July 25, 2005, the U.S. Department of Health & Human Services denied the Plaintiff's administrative claims.  Accordingly, the Plaintiff may now sue the United States of America in this Court.

8.     The Plaintiff alleges that the Defendant, including its agents, servants, and/or employees, owed to the Plaintiff's Decedent a duty to exercise that degree of skill, judgment, and care expected of a reasonably competent medical practitioner practicing under the same or similar circumstances, which duty included the performance of appropriate diagnostic tests and procedures to determine the Plaintiff's Decedent's condition, appropriate diagnosis of such condition, the employment of appropriate treatment, procedures, and/or surgery to correct such condition without injury upon the Plaintiff's Decedent, continuous evaluation of the Plaintiff's Decedent's condition and the effects of such treatment, and the adjustment of the course of treatment in response to such on-going surveillance and evaluation – all of which the Defendant failed to do.

9.     The Defendant was negligent in that, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc., and Earl Nicholas, M.D., failed to employ appropriate diagnostic tests and procedures to evaluate and diagnose the Plaintiff's Decedent's condition, failed to employ appropriate treatment, procedures, and/or surgery to correct such condition, failed to appropriately monitor and evaluate the Plaintiff's Decedent's condition, failed to adjust the Plaintiff's Decedent's treatment in response to appropriate evaluation of the effects of treatment and were otherwise negligent.  As a result of the negligence of the Defendant, including its agents, servants, and/or employees, the Plaintiff's Decedent, Selena Settles, died on September 28, 2003 at age twenty-nine (29).

10. Plaintiff alleges that at all times pertinent herein, all health care providers who cared for Decedent during September 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, including Unity Health Care, Inc., and Earl Nicholas, M.D., were acting as employees, servants, and/or agents (actual or apparent) of Defendant United States of America. At all times pertinent herein, said health care providers acted within the scope of said employment and/or agency relationship with Defendant United States of America. *See* Defendant's Notice of Removal at ¶ 3 and 4 (certifying that Unity Health Care, Inc., and Earl Nicholas, M.D., were acting within the scope of their employment as officers or employees of the United States at the time of the alleged incident at issue and deeming Unity Health Care, Inc., and Earl Nicholas, M.D., to be federal employees for the purpose of this medical malpractice action).

11. In early 2003, Selena Settles became pregnant with her fourth child, Ronnelle Farrington. Ms. Settles received prenatal care from the Defendant at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W.

12. During the course of her pregnancy, Ms. Settles presented to the Defendant with medical history, complaints, signs and symptoms consistent with pregnancy induced hypertensive heart disease that required timely medical intervention. Throughout the course of Ms. Settles' pregnancy, the Defendant negligently failed to timely and appropriately diagnose and treat Ms. Settles' hypertensive heart disease.

13. In late September 2003, Ms. Settles presented to the Defendant at Unity Health Care Southwest Health Center with complaints, signs, and symptoms which, *inter alia,* included hypertension, shortness of breath, and edema of the legs and hands –alarming

5

indications of hypertensive heart disease requiring timely medical intervention. The Defendant negligently sent Ms. Settles home without appropriate medical intervention.

14. On September 26, 2003, Dr. Nicholas referred Ms. Settles to Howard University Hospital to have chest x-rays taken. Said chest x-rays showed that Ms. Settles was suffering from hypertensive heart disease that required timely medical intervention. Unfortunately, Dr. Nicholas negligently failed to obtain the results of the chest x-rays and negligently failed to provide follow-up care and medically intervene.

15. On September 28, 2003, Ms. Settles presented to the emergency department of the George Washington University Hospital suffering from cardiac arrest. Ronnelle Farrington was delivered via emergency cesarian section.

16. Shortly thereafter, as a direct and proximate result of the Defendant's negligence, Ms. Settles died from the progression of her untreated hypertensive heart disease.

17. The Defendant failed to timely perform and/or appropriately interpret the proper tests, procedures and follow-up care necessary to timely and adequately treat said hypertensive heart disease.

18. The Defendant, by itself and through its agents, servants, and/or employees, breached the standard of care by, *inter alia*, negligently and carelessly:

    (a) failing to appreciate the seriousness of the Decedent's condition;

    (b) failing to timely and properly treat Decedent's condition;

    (c) failing to provide appropriate and timely medication;

    (d) failing to provide appropriate and timely follow up care;

    (e) failing to medically intervene and/or admit decedent to a hospital;

    (f) failing to timely and appropriately interpret and act upon the results of the chest x-rays;

- (g) failing to timely and appropriately interpret and act upon the Decedent's medical history and physical findings;

- (h) failing to timely and properly examine the Decedent;

- (i) failing to diagnose and appropriately treat hypertensive heart disease;

- (j) failing to protect, maintain, produce and not destroy the medical records of Selena Settles; and

- (k) failing to otherwise comply with accepted standards of care.

19. As a direct and proximate result of the aforementioned negligence of the Defendant, Selena Settles died on September 28, 2003 at age twenty-nine (29). Had the Defendant provided Selena Settles with the care and treatment required by the applicable standard of care, she would today be alive and well.

20. As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent died and the Personal Representative's claim for damages is occasioned by the injuries aforesaid, including, but not limited to, an allowance for prospective loss of earnings during the Decedent's otherwise normal life expectancy, medical expenses incurred, and an allowance for pain and suffering passed under the Survival Act of the District of Columbia to the Plaintiff as the Personal Representative of the Estate of Selena Settles.

21. The Decedent was not contributorily negligent, nor did she assume the risk of her injury/death.

WHEREFORE, Plaintiff William Settles, as Personal Representative of the Estate of Selena Settles, demands judgment against the Defendant in the full sum of Ten Million Dollars ($10,000,000.00), plus costs, interest and what other relief this Court deems appropriate.

### COUNT II
**(Wrongful Death Act Claims)**

22. Plaintiff, William Settles, incorporates herein by reference the numbered paragraphs 1-21 of Count I.

23. As a direct and proximate result of the aforesaid negligence of the Defendant, the Decedent's next of kin, including Ronnelle and Ronald Farrington and Charnese and Janiya Settles, the Decedent's children, and William Settles, the Decedent's father, and others have been injured and damaged, including, but not limited to, the following particulars:

    (a)    expenses of last illness;

    (b)    expenses for medical care after the negligence and until death;

    (c)    pecuniary loss to the next of kin;

    (d)    loss of society, care, education, training, guidance, service, and personal advice of the decedent;

    (e)    all damages recoverable under the Wrongful Death Act and its common law interpretation; and

    (f)    being otherwise injured and damaged.

WHEREFORE, Plaintiff, on behalf of the next of kin, demands judgment against the Defendant in the full sum of Ten Million Dollars ($10,000,000.00), plus costs, interest, and what other relief this Court deems appropriate.

### COUNT III
### (NEGLIGENT AND/OR RECKLESS SPOILATION OF EVIDENCE)

24. Plaintiff, William Settles, incorporates herein by reference the numbered paragraphs 1-23 of Counts I and II.

25. Plaintiff alleges that at all times pertinent herein, Defendant United States, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc., employ, own, control, operate, and/or contract with health care facilities in the Washington, D.C. area which provide antepartal, intrapartal, and postpartal care for both mother and

newborn infant during and after pregnancy. As such, the Defendant is a "maternity center" as defined under D.C. Code § 44-501 (a) (2) and owed to the Plaintiff's Decedent a duty to protect, maintain and secure all medical records and charts that relate to the care provided to Selena Settles and her newborn infant until the infant reaches the age of majority plus three years. *See* D.C. Mun. Regs. tit. 22, § 2621.5-6.

26.     Plaintiff alleges that at all times pertinent herein, Defendant United States, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc., employ, own, control, operate, and/or contract with health care facilities in the Washington, D.C. area which have been determined by the U.S. Department of Health & Human Services to be Federally Qualified Health Centers. *See* 42 U.S.C.A. § 1395x (aa) (3). As such, the Defendant owed to the Plaintiff's Decedent a duty to protect, maintain and secure all medical records and charts that relate to the care provided to Selena Settles and her newborn infant for at least six years from the date of last entry, and longer if required by the District of Columbia's laws and regulations. *See* 42 C.F.R. § 491.10 (b) and (c).

27.     Plaintiff alleges that at all times pertinent herein, Defendant United States, by itself and through its agents, servants and/or employees, including Unity Health Care, Inc., and Earl Nicholas, M.D., provided health care services to the Plaintiff's Decedent. As such, the common law of the District of Columbia imposes upon the Defendant a duty to protect, maintain and secure all medical records and charts that relate to the care provided to Selena Settles and her newborn infant.

28.     From April 4, 2002 through September 25, 2003, Selena Settles received prenatal care from the Defendant at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W. As such, the Defendant is required to protect, maintain and secure all medical

records and charts that relate to care provided to Selena Settles and her newborn infant. *See* D.C. Mun. Regs. tit. 22, § 2621.5-6; 42 C.F.R. § 491.10 (b) and (c).

29. Plaintiff, William Settles as personal representative of the Estate of Selena Settles, has the right to obtain all medical records and charts that relate to the care the Defendant provided to Selena Settles and her newborn infant in order to successfully prosecute the medical malpractice case against the Defendant that is currently pending in this Honorable Court. On July 1, 2004, and again thereafter, Plaintiff requested from Defendant, all prenatal records and all clinic records that relate to the care provided to Selena Settles and her newborn infant. Defendant has not provided Plaintiff any medical records relating to Selena Settles or her newborn infant; is unable to locate same, and has represented that said medical records were destroyed by agents of the Defendant.

30. Defendant breached the standard of care and violated both its common law and statutory duties owed to the Estate and next of kin of Selena Settles by negligently and/or recklessly failing to protect, maintain, secure, produce, and prevent the destruction of all prenatal records and all clinic records relating to Selena Settles and her newborn infant.

31. As a direct and proximate result of the Defendant's negligent and/or reckless destruction of Selena Settles' and her new born infant's medical records, the Estate and next of kin of Selena Settles has been injured and damaged, including, but not limited to, suffering prejudice in its investigation and prosecution of the medical malpractice claim against the Defendant. The destruction of said medical records has caused a significant impairment in the ability of the Plaintiff to prove the medical malpractice claim currently pending against the Defendant. There exists a significant possibility of success for the Plaintiff in the prosecution of the medical malpractice claim against the Defendant if said medical records were available.

WHEREFORE, Plaintiff William Settles, as Personal Representative of the Estate of Selena Settles and on behalf of the next of kin of Selena Settles, demands judgment for compensatory and punitive damages against the Defendant in the full sum of Ten Million Dollars ($10,000,000.00), plus costs, interest and what other relief this Court deems appropriate.

        Respectfully submitted,

_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek  (#470442)
***Cardaro & Peek, L.L.C.***
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
(202) 628-7778
***Attorneys for Plaintiff***