UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SETTLES, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES OF AMERICA, )<br> c/o United States Attorneys Office )<br> 555 4th Street, N.W. )<br> Washington, D.C. 20530 )<br>)<br>    Defendant. )<br>_____) | Civil Action No. 05-1361 (JR) |

### ANSWER TO THE AMENDED COMPLAINT
### (Medical Malpractice)

Defendant, the United States of America, through its undersigned attorneys, hereby answers the plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims and/or causes of action set forth in the Amended Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk.

### SECOND DEFENSE

Interest is not separately recoverable under the Federal Tort Claims Act. See 28 U.S.C. §§ 2674, 2678. Because Plaintiff has not alleged a valid waiver of sovereign immunity for recovery of interest, the Court lacks subject matter jurisdiction over his claims for these items.

### THIRD DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

If Defendant was negligent, which is specifically denied, such negligence is not the cause in fact or proximate cause of the alleged damages suffered by Plaintiff's Decedent due to an intervening, superceding cause.

## FIFTH DEFENSE

The United States is not liable for punitive damages as a matter of law.  28 U.S.C. §2674.

## SIXTH DEFENSE

Plaintiff William Settles does not have the capacity to assert claims on behalf of the minor children.

## SEVENTH DEFENSE

Plaintiff failed to exhaust administrative remedies with regard to Count III.

## EIGHTH DEFENSE

Plaintiff's spoliation count (Count III) may be barred by the statute of limitations.

## NINTH DEFENSE

Defendant United States of America responds to each of the numbered paragraphs of the Amended Complaint as follows:

## COUNT I
### Survival Action

1. This paragraph contains plaintiff's statement of jurisdiction which is an allegation of law to which no response is required.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph.

3. Admit.

4. Admit. Defendant avers that the medical care Dr. Nicholas provided to plaintiffs' decedent complied with the applicable standard of care.

5. Admit. Defendant avers that the medical care Dr. Nicholas provided to plaintiffs' decedent complied with the applicable standard of care.

6. Admit.

7. Denied. Plaintiff did not exhaust administrative remedies with regard to the spoliation count. In response to the second sentence of Paragraph 7, admit that the Plaintiff presented claims to the U.S. Department of Health and Human Services, but deny the remainder of this sentence. Defendant denies the remainder of Paragraph 7 with regard to the spoliation count.

8. Deny. Defendant avers that the medical care it provided to plaintiff complied with the applicable standard of care.

9. Deny.

10. Deny as to all health care providers.

11. Admit

12. Denied.

13. Admit that Plaintiff's decedent was seen by Unity Health Care Southwest Health Center, but deny the remaining allegations in the first sentence of paragraph 13. With respect to the second sentence, deny that Plaintiff's decedent was sent home without appropriate medical intervention.

14. Admit that On September 26, 2003, Dr. Nicholas referred Ms. Settles to Howard University Hospital to have chest x-rays taken. Admit that said x-rays taken revealed Ms. Settles was suffering hypertensive heart disease. Deny that Dr. Nicholas negligently failed to obtain the results of the chest x-rays and negligently failed to provide follow-up care and medically intervene.

15. Defendant lacks sufficient information to admit or deny the allegations in paragarph 15 of the Amended Complaint.

16. Deny.

17.   Deny.  Defendant avers that the medical care Dr. Nicholas and Unity provided to plaintiff complied with the applicable standard(s) of care.

18.   Deny.

19.   Deny.

20.   Deny.

21.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT II
### Wrongful Death Act Claims

22.   Defendant incorporates its responses to paragraphs 1-21 of the Amended Complaint.

23.   Denied.

## COUNT III
### NEGLIGENT AND/OR RECKLESS SPOLIATION OF EVIDENCE

24.   Defendant incorporates its responses to paragraphs 1-23 of the Amended Complaint.

25.   Defendant admits the allegations in the first sentence of paragraph 25 of the complaint.  The second sentence contains legal conclusions which require no response.  If a response be deemed required, the same are denied.

26.   The allegations in paragraph 26 of the complaint are conclusions of law which require no response.  If a response be deemed required, the same are denied.

27.   Admit the first sentence of paragraph 27.  The remainder of the paragraph contains legal conclusions which require no response.  If a response be deemed required, the same are denied.

28.  Admit the first sentence of paragraph 28.  The remainder of the paragraph contains legal conclusions which require no response.  If a response be deemed required, the same are denied.

29.  Admit the first sentence of paragraph 29.  Defendant lacks sufficient information with regard to plaintiff's request for medical records.  Defendant admits that at the present time the records cannot be located.

30.  Denied.

31.  Denied.

Further answering the amended complaint, defendant denies that plaintiff is entitled to the relief sought in the Amended Complaint, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Amended Complaint.

Having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar # 171538
Assistant United States Attorney

_____
CHARLOTTE A. ABEL ,D.C. Bar # 388582
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332