**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM SETTLES, | : | Civil Action No.:  05-1361 (JR) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**LOCAL RULE 16.3 (d) REPORT**

The parties, having conferred by telephone and electronic transmission, hereby provide this Report to the Court, in accordance with Local Rule 16.3 (d).

1. Brief statement of the case:  This is a complex medical malpractice case involving the death of Selena Settles on September 28, 2003 at age twenty-nine (29) with four minor children.  Plaintiff alleges that in early 2003, Selena Settles became pregnant with her fourth child, Ronnelle Farrington, and received prenatal care from the Defendant at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W.  During the course of her pregnancy, Ms. Settles presented to the Defendant with medical history, complaints, signs and symptoms consistent with pregnancy induced hypertensive heart disease that required timely medical intervention.  Plaintiff alleges, inter alia, that the Defendant negligently failed to timely and appropriately diagnose and treat Ms. Settles' hypertensive heart disease.  Instead, the Defendant negligently sent Ms. Settles home without appropriate medical intervention.  Plaintiff alleges that as a direct and proximate result of the Defendant's negligence, Ms. Settles died from the progression of her undiagnosed and untreated hypertensive heart disease.

1

The Plaintiff also alleges that after the death of Ms. Settles, an agent of the Defendant destroyed Ms. Settles' medical records from Unity Health Care.

The defendant responds that decedent, Selena Settles, age 29, received prenatal care from Dr. Earl Nicholas at Unity Healthcare, Inc.  Dr. Nicholas ordered a chest x-ray for Ms. Settles on Thursday, September 25, 2003.  Ms. Settles received a chest x-ray at Howard University Hospital the next day (Friday, September 26.)  The x-ray was read by Cornelius Merrick, M.D. at Howard University Hospital and the report was transcribed on Saturday, September 27, 2003.  There is no documentation indicating that Dr. Nicholas was immediately informed of the results.  The report showed an enlarged heart and vascular congestion or "cardiomegaly with vascular congestion."  On Sunday, September 28, Ms. Settles presented to the emergency room at George Washington Hospital complaining of shortness of breath.  She went into cardio-respiratory arrest and CPR was initiated.  A Caesarian section was performed and a premature viable baby was delivered.  Ms. Settles was pronounced dead.

It is true that Unity's prenatal medical records for decedent cannot be located, but there is no evidence that the documents were intentionally destroyed.

2.  <u>Statutory basis for cause of action</u>:

(a)  Survival action:  As a direct and proximate result of the defendant's negligence, the plaintiff's decedent died and the personal representative's claim for damages is occasioned by the injuries aforesaid, including, but not limited to, an allowance for prospective loss of earnings during the decedent's otherwise normal life expectancy, medical expenses incurred, and an allowance for pain and suffering passed under the Survival Act of the District of Columbia to the plaintiff as the personal representative of the Estate of Selena Settles.

2

(b)  Wrongful death action:  As a direct and proximate result of the aforesaid negligence of the defendant, the decedent's next of kin, including her children, Ronnelle and Ronald Farrington and Charnese and Janiya Settles, her father, William Settles, and others have been injured and damaged, including, but not limited to, the following particulars: expenses of last illness; expenses for medical care after the negligence and until death; pecuniary loss to the next of kin; loss of society, care, education, training, guidance, service, and personal advice of the decedent; and all damages recoverable under the Wrongful Death Act of the District of Columbia and its common law interpretation.

(c)  Negligent and/or Reckless Spoilation of Evidence:  As a direct and proximate result of the Defendant's negligent and/or reckless destruction of Selena Settles' medical records, the Estate and next of kin of Selena Settles has been injured and damaged, including, but not limited to, suffering prejudice in its investigation and prosecution of the medical malpractice claim against the Defendant.  The destruction of said medical records has caused a significant impairment in the ability of the Plaintiff to prove the medical malpractice claim currently pending against the Defendant.  There exists a significant possibility of success for the Plaintiff in the prosecution of the medical malpractice claim against the Defendant if said medical records were available.

3.  Statutory basis for defenses:

To be provided.

4.  Dispositive motions:  Any dispositive motions will be filed following the close of discovery.

5.  Joinder of Parties:  The plaintiff does not anticipate that any additional parties will be joined. However, the plaintiff reserves the right to join additional parties and/or amend the pleadings

3

upon the completion of discovery.  The plaintiff does not believe that the issues in this case can be further narrowed prior to discovery.

Defendant asserts that William Settles, father of the decedent and the personal representative of the Estate of Selena Settles is not legally competent to represent the interests of the minors in the wrongful death suit.

The Plaintiff asserts that as the personal representative of the Estate of Selena Settles, William Settles is the only proper party competent to maintain this wrongful death action on behalf of the wrongful death beneficiaries, which include, among others, the Decedent's four minor children, Ronnelle and Ronald Farrington and Charnese and Janiya Settles.  _See_ DC Code § 16-2702.

6.  Magistrate:  The parties do not consent to referral of this case to a Magistrate Judge.

7.  Possibility of settlement:  The parties are open to settlement discussions.

8.  Alternative dispute resolution (ADR):  The parties believe that the case would benefit from some form of ADR following close of discovery, and request a deadline of December 10, 2006 to complete ADR.

9.  Motions:   The parties intend to file any dispositive motions following the close of discovery, and request a deadline of 30 days following close of ADR, if unsuccessful, to file dispositive motions, 15 days thereafter to submit responses, and 15 days thereafter to submit replies.

10.  Initial disclosures:    The parties stipulate and agree to exchange initial disclosures on or before January 23, 2006.

11.  Discovery:   The parties request that all discovery, including expert discovery, close on November 10, 2006.  The parties currently believe that the presumptive limits of depositions and interrogatories should apply, that is, not to exceed 10 depositions or 25 interrogatories per party.

4

12. <u>Experts</u>: The parties anticipate designating experts. The parties request the following disclosure schedule: plaintiff designate expert witnesses on or before June 10, 2006; defendant designate experts on or before August 10, 2006; rebuttal expert designation on or before September 10, 2006.

In an effort to eliminate unnecessary and duplicative costs associated with the prosecution of this medical malpractice claim, the plaintiff respectfully requests that this Honorable Court waive the expert report requirement contained in F.R.Civ.P. 26 (a) (2). Both parties' experts will be thoroughly questioned during their respective depositions. Any information concerning the experts' opinions, bases thereof, and any other relevant matter will be ascertained during the experts' respective depositions. Thus, it will be duplicative and expensive to require the experts to state their opinions and bases thereof in a report when those same opinions will be stated again in a deposition. The exorbitant expert fees make it costly to have experts state their opinions and bases thereof again and again. The duplicity and expense involved will be particularly injurious to the plaintiff because a number of medical and other experts are necessary for the successful prosecution of her claim. Thus, the plaintiff respectfully requests the waiver of expert reports in order to restrain the costs associated with the prosecution of this inherently expensive medical malpractice claim.

Defendant does not agree to waive the expert report requirement contained in Fed. R. Civ. P. 26(a)(2).

13. <u>Class action</u>: N/A

14. <u>Bifurcation</u>: The plaintiff does not believe that this matter should be bifurcated. Defendant requests bifurcation of liability and damages.

15. <u>Pretrial conference</u>: The parties request that the pretrial conference be set forty-five (45)

days following the close of ADR or, if dispositive motions are filed, following the Court's decision on

any dispositive motion filed post-discovery.

16.  <u>Trial date</u>: The plaintiff requests that the trial of this matter commence on March 19,

2007.


Respectfully submitted,


_____/s/_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
**_Cardaro & Peek, L.L.C._**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
**_Attorneys for Plaintiff_**




_____/s/_____
Kenneth L. Wainstein (#451058)
United States Attorney


_____/s/_____
Charlotte A. Abel (#388582)
Assistant United States Attorney
555 4th St., N.W.
Washington, DC 20530
202-307-2332
       **_Counsel for Defendant_**