**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:  05-1361 (JR)
Next Court Deadline: 2/22/08
Pretrial Statement Deadline

**PLAINTIFF'S PRETRIAL STATEMENT**

Now comes the Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch and Cardaro & Peek, L.L.C., and in accordance with LCvR 16.5, hereby submits Plaintiff's Pretrial Statement, stating as follows:

**STATEMENT OF THE CASE**

This is a complex medical malpractice case involving the death of Selena Settles on September 28, 2003 at age twenty-nine (29).  Ms. Settles leaves behind, inter alia, four minor children.  Plaintiff alleges that in early 2003, Selena Settles became pregnant with her fourth child, Ronnell Farrington, and received prenatal care from Defendant United States of America at Unity Health Care Southwest Health Center.  During the course of her pregnancy, Ms. Settles presented to the Defendant with a medical history, complaints, signs and symptoms consistent with pregnancy induced hypertensive heart disease which required timely medical intervention.  Plaintiff alleges, inter alia, that the Defendant negligently failed to timely and appropriately diagnose and treat Ms. Settles' hypertensive heart disease.  Instead, the Defendant negligently sent Ms. Settles home without appropriate medical intervention. Plaintiff alleges that as a direct and proximate result of the Defendant's negligence, Ms. Settles

died from the progression of her undiagnosed and untreated hypertensive heart disease. As a result of the Defendant's negligence, the Plaintiff William Settles as the Personal Representative of the Estate of Selena Settles, deceased, is prosecuting a survival action and wrongful death action.

In addition to the medical malpractice action, the Plaintiff is also concurrently prosecuting a separate cause of action against the Defendant due to its negligent and/or reckless failure to protect, maintain and secure Ms. Settles' medical records. The Defendant has admittedly lost and/or destroyed almost all of the medical records documenting the care Ms. Settles received at Unity Health Care Southwest Health Center. (The medical records that do exist, along with the autopsy findings, indicate that Ms. Settles' pregnancy was complicated by severe hypertension.) At a minimum, District of Columbia Municipal Regulations expressly require the Defendant to maintain and preserve Ms. Settles' medical records for a period of "three (3) years after last seeing [her]." D.C. Mun. Regs. tit. 17, § 4612.1. Further, under other applicable federal and District of Columbia law, the Defendant is required to secure and maintain Ms. Settles' medical records for at least six years after treatment. See 42 C.F.R. § 491.10 (b) and (c); and D.C. Mun. Regs. tit. 22, § 2621.5. In short, the Defendants violated various federal and District of Columbia regulations by losing and/or destroying Ms. Settles' medical records soon after her death.

The basis of this Honorable Court's jurisdiction is pursuant to the Federal Tort Claims Act. See 28 U.S.C.A. §§ 1346 (b) and 2671 et seq.

## STATEMENT OF CLAIMS

1.    At all relevant times, the Defendant breached the applicable standard of care in failing to timely and appropriately diagnose and treat Ms. Settles' hypertensive heart disease.

2

2.      Ms. Settles' conscious pain and suffering and untimely death were proximately caused by the Defendant's breaches in the applicable standard of care.

3.      Had the Defendant provided Ms. Settles with the care and treatment required by the applicable standard of care, Ms. Settles' hypertensive heart disease would have been successfully treated, and she would today be alive and well.

4.      The Defendant breached the standard of care by failing to appropriately recognize Ms. Settles' pregnancy as a high risk pregnancy.

5.      The Defendant breached the standard of care by failing to obtain a consultation with a maternal-fetal medicine specialist early in the pregnancy.

6.      The Defendant breached the standard of care by failing to have a physician manage the pregnancy from the outset.

7.      The Defendant breached the standard of care by failing to involve a Maternal-Fetal Medicine specialist early on in the management of the pregnancy.

8.      The Defendant breached the standard of care by failing to recognize the signs of worsening pregnancy induced hypertension between 30-34 weeks and by failing to initiate treatment, including, diet restrictions, diuretics, antihypertensive medications, anti-arrhythmia medications and serial monitoring.

9.      The Defendant breached the standard of care by failing to hospitalize Ms. Settles in an antepartum ward in a hospital sometime between 30-34 weeks.

10.     The Defendant breached the standard of care by failing to schedule twice weekly office visits from 30 weeks gestation forward.

11.     The Defendant breached the standard of care by failing to recognize shortness of breath and orthopnea as a sign of worsening pregnancy induced hypertension or preeclampsia

3

on September 25, 2003 and by failing to immediately hospitalize Ms. Settles.

12. The Defendant breached the standard of care by ordering a chest x-ray on September 25, 2003 on an outpatient basis.

13. As a direct and proximate result of the Defendant's negligence, the Plaintiff's Decedent died and the Personal Representative's claim for damages includes, but is not limited to, an allowance for prospective loss of earnings during the Decedent's otherwise normal life expectancy, medical expenses incurred, and an allowance for pain and suffering passed under the Survival Act of the District of Columbia to the Plaintiff as the Personal Representative of the Estate of Selena Settles.

14. As a direct and proximate result of the Defendant's negligence, the Decedent's next of kin, including Ronnell and Ronald Farrington and Charnese and Janiya Settles, the Decedent's minor children, and William Settles, the Decedent's father, and others have been injured and damaged, including, but not limited to, expenses of last illness; expenses for medical care after the negligence and until death; pecuniary loss to the next of kin; loss of society, care, education, training, guidance, service, and personal advice of the decedent; and all damages recoverable under the Wrongful Death Act and its common law interpretation.

15. The Plaintiff relies upon all opinions proffered by their expert witnesses identified in the Plaintiff's expert witness designation, and in the experts' respective reports.

16. Ms. Settles and/or the Plaintiff were in no way contributorily negligent.

17. The Defendant has negligently or otherwise tortiously lost and/or destroyed almost all of the medical records documenting the care Ms. Settles received at Unity Health Care Southwest Health Center.

18. Because the Defendant lost and/or destroyed Ms. Settles' medical records while

4

the records were in its exclusive possession and control, this Honorable Court should apply an adverse inference against the Defendant regarding all evidence which would have been contained in the missing records.

19.      District of Columbia Municipal Regulation Title 17, Section 4612.1, requires the Defendant to maintain and preserve Ms. Settles' medical records for a period of "three (3) years after last seeing [her]."

20.      District of Columbia Municipal Regulation Title 22, Section 2621.5, requires the Defendant to maintain and preserve Ms. Settles' medical records for a period of three years after her newborn reaches the age of majority.

21.      United States Code Title 42, Section 491.10, requires the Defendant to maintain and preserve Ms. Settles' medical records for a period of six years after last seeing her.

22.      As a direct and proximate result of the Defendant's negligent and/or reckless failure to preserve Ms. Settles' medical records, the Estate and next of kin of Selena Settles has been injured and damaged, including, but not limited to, suffering prejudice in its investigation and prosecution of the medical malpractice claim against the Defendant.  To the extent the absence of medical records makes it more difficult to prove the Plaintiff's case, the loss and/or destruction of Ms. Settles' medical records have caused a significant impairment in the ability of the Plaintiff to prosecute the medical malpractice claim.  There exists a significant possibility of success for the Plaintiff in the prosecution of the medical malpractice claim against the Defendant if said medical records were available.

## SCHEDULE OF WITNESSES

The Plaintiff expects to call at trial the following fact witnesses:

1.  <u>William Settles</u>, 4922 4th Street, N.W., Washington, D.C. 20011:  Mr. Settles, the

Decedent's father, is expected to testify on the issues of damages and liability. It is anticipated that Mr. Settles will testify regarding, inter alia, the type of daughter and mother Ms. Settles was prior to her death. He is expected to testify regarding the devastating loss that Ms. Settles' four minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. He is also expected to testify regarding the devastating loss he has suffered as a result of his daughter's death, including but not limited to loss of society, care, service, and advice. Mr. Settles is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancies, including but not limited to her complaints and symptoms. It is estimated that Mr. Settles' testimony will consume approximately 60 minutes.

2. Annette Settles, 4922 4th Street, N.W., Washington, D.C. 20011: Mrs. Settles, the Decedent's step-mother, is expected to testify on the issues of damages and liability. It is anticipated that Mrs. Settles will testify regarding, inter alia, the type of daughter and mother the Decedent was prior to her death. She is expected to testify regarding the devastating loss that the Decedent's four minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. She is also expected to testify regarding the devastating loss that Mr. Settles has suffered as a result of his daughter's death, including but not limited to loss of society, care, service, and advice. Mrs. Settles is also expected to testify regarding the Decedent's health during her fourth pregnancy and prior pregnancies, including but not limited to her complaints and symptoms. It is estimated that Mrs. Settles' testimony will consume approximately 60 minutes.

3. Janiya Settles, 4922 4th Street, N.W., Washington, D.C. 20011: Janiya, one of the

Decedent's minor daughters, is expected to testify on the issues of damages. She is expected to testify regarding the devastating loss that she has suffered as a result of her mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. It is estimated that Janiya's testimony will consume approximately 45 minutes.

4. <u>Charnese Settles</u>, 2339 25th Street, S.E., Washington, D.C. 20020: Charnese, one of the Decedent's minor daughters, is expected to testify on the issues of damages. She is expected to testify regarding the devastating loss that she has suffered as a result of her mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. It is estimated that Charnese's testimony will consume approximately 45 minutes.

5. <u>Ronnell Farrington</u>, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744: Ronnell, one of the Decedent's minor sons, is expected to testify on the issues of damages. He is expected to testify regarding the devastating loss that he has suffered as a result of his mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. It is estimated that Ronnell's testimony will consume approximately 45 minutes.

6. <u>Ronald Farrington</u>, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744: Ronald, one of the Decedent's minor sons, is expected to testify on the issues of damages. He is expected to testify regarding the devastating loss that he has suffered as a result of his mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. It is estimated that Ronald's testimony will consume approximately 45 minutes.

7. <u>Ronald Farrington, Jr.</u>, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744:

Mr. Farrington, boyfriend of the Decedent at the time of her death and father of Ronnell and Ronald Farrington, is expected to testify on the issues of damages and liability. It is anticipated that Mr. Farrington will testify regarding, <u>inter alia</u>, the type of mother Ms. Settles was prior to her death. He is expected to testify regarding the devastating loss that Ms. Settles' minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. Mr. Farrington is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancy, including but not limited to her complaints and symptoms. It is estimated that Mr. Farrington's testimony will consume approximately 60 minutes.

8.   <u>Charles Dantzler</u>, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744: Mr. Dantzler, grandfather of Ronnell and Ronald Farrington, is expected to testify on the issues of damages and liability. It is anticipated that Mr. Dantzler will testify regarding, <u>inter alia</u>, the type of mother Ms. Settles was prior to her death. He is expected to testify regarding the devastating loss that Ms. Settles' minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. Mr. Dantzler is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancy, including but not limited to her complaints and symptoms. It is estimated that Mr. Dantzler's testimony will consume approximately 45 minutes.

9.   <u>Darlene Dantzler</u>, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744: Mrs. Dantzler, grandmother of Ronnell and Ronald Farrington, is expected to testify on the issues of damages and liability. It is anticipated that Mrs. Dantzler will testify regarding, <u>inter alia</u>, the type of mother Ms. Settles was prior to her death. She is expected to testify regarding

the devastating loss that Ms. Settles' minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. Mrs. Dantzler is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancy, including but not limited to her complaints and symptoms. It is estimated that Mrs. Dantzler's testimony will consume approximately 30 minutes.

10.  Eva Patterson, 2339 25th Street, S.E., Washington, D.C. 20020: Ms. Patterson, grandmother of Charnese Settles, is expected to testify on the issues of damages and liability. It is anticipated that Ms. Patterson will testify regarding, inter alia, the type of mother Ms. Settles was prior to her death. She is expected to testify regarding the devastating loss that Ms. Settles' minor children have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice. Ms. Patterson is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancy, including but not limited to her complaints and symptoms. It is estimated that Ms. Patterson's testimony will consume approximately 30 minutes.

11.  Earl Nicholas, M.D., Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024: Dr. Nicholas, Ms. Settles' obstetrician at the time of her death, is expected to testify regarding his involvement with her. It is estimated that Dr. Nicholas' testimony will consume approximately 90 minutes.

12.  Teresa Marchese, C.N.M., Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024: Ms. Marchese, a certified nurse midwife who provided care to Ms. Settles during the pregnancy at issue, is expected to testify regarding her involvement with the Decedent. It is estimated that Ms. Marchese's testimony will

consume approximately 60 minutes.

13.  Cornelius Merrick, M.D., Howard University Hospital, 2041 Georgia Avenue, N.W., Washington, D.C. 20060:  Dr. Merrick, a radiologist who read Ms. Settles' 9/26/03 Chest X-Ray, is expected to testify regarding his involvement with the Decedent.  It is estimated that Dr. Merrick's testimony will consume approximately 30 minutes.

14.  Oscar L. Mims, M.D., 7620 Carroll Avenue, Ste. 210, Takoma Park, Maryland 20912:  Dr. Mims, a Maternal-Fetal Medicine specialist who examined Ms. Settles on June 17, 2003 at Washington Hospital Center, is expected to testify regarding his involvement with the Decedent.  It is estimated that Dr. Mims' testimony will consume approximately 30 minutes.

15.  Kerry Lewis, M.D., Howard University Hospital, 2041 Georgia Avenue, N.W., Washington, D.C. 20060:  Dr. Lewis, a Maternal-Fetal Medicine specialist who examined Ms. Settles on September 24, 2003, is expected to testify regarding his involvement with the Decedent.  It is estimated that Dr. Lewis' testimony will consume approximately 30 minutes.

16.  Jennifer Leonard, Medical Records Department, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Ms. Leonard, legal counsel to Unity Health Care around the time Ms. Settles' medical records were lost/destroyed, is expected to testify regarding her knowledge of the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Leonard's testimony will consume approximately 30 minutes.

17.  James Cedarmont, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Mr. Cedarmont, the Health Center Director of Southwest Health Center at the time of Ms. Settles' death, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is anticipated

that he will testify regarding, <u>inter alia</u>, his involvement in the investigation of Ms. Settles'
lost/destroyed medical records.  It is estimated that Mr. Cedarmont's testimony will consume
approximately 30 minutes.

18.    <u>Rodney Scales, R.N.</u>, 6102 Bive Sage Lane, Upper Marlboro, Maryland 20772:
Mr. Scales, an employee at Southwest Health Center at the time of Ms. Settles' death, is
expected to testify regarding the Defendant's failure to maintain and protect the Decedent's
medical records.  It is anticipated that he will testify regarding, <u>inter alia</u>, his involvement in the
investigation of Ms. Settles' lost/destroyed medical records.  It is estimated that Mr. Scales'
testimony will consume approximately 30 minutes.

19.    <u>Keisha Easton</u>, 1424 L. Street, Apt. 3, S.E., Washington, D.C.:  Ms. Easton, an
employee at Southwest Health Center at the time of Ms. Settles' death, is expected to testify
regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is
anticipated that she will testify regarding, <u>inter alia</u>, her involvement in the investigation of Ms.
Settles' lost/destroyed medical records.   It is estimated that Ms. Easton's testimony will
consume approximately 30 minutes.

20.    <u>Zerita Hudson</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue,
S.W., Washington, D.C. 20024:  Ms. Hudson, the President of Clinical Operations for Unity
Health Care, is expected to testify regarding the Defendant's failure to maintain and protect the
Decedent's medical records.  It is anticipated that she will testify regarding, <u>inter alia</u>, her
involvement in the investigation of Ms. Settles' lost/destroyed medical records.  It is estimated
that Ms. Hudson's testimony will consume approximately 30 minutes.

The Plaintiff expects to call at trial the following expert witnesses:

1.    <u>Grover Hutchins, M.D.</u>, Johns Hopkins University Hospital, Department of

Pathology, 600 N. Wolfe Street, Room B-106, Baltimore, MD 21205: Dr. Hutchins, a board-certified pathologist, is expected to testify regarding causation and damages. It is anticipated that Dr. Hutchins will testify that, inter alia, Ms. Settles developed preeclampsia/pregnancy induced hypertension superimposed upon her underlying chronic hypertension, and that she would have survived had her preeclampsia/pregnancy induced hypertension been treated. Dr. Hutchins is also expected to testify regarding the opinions contained in his expert report. It is estimated that Dr. Hutchins' testimony will consume approximately 90 minutes.

2.   Patrick Lavery, M.D., 3416 Winchell Avenue Kalamazoo, Michigan 49008-2408: Dr. Lavery is board-certified in maternal fetal medicine. He will testify on standard of care, causation and damages. It is anticipated that Dr. Lavery will testify that, inter alia, had the Defendant provided Ms. Settles with the care and treatment required by the applicable standard of care, Ms. Settles' hypertensive heart disease would have been successfully treated, and she would today be alive and well. Dr. Lavery is also expected to testify regarding the opinions contained in his expert report. It is estimated that Dr. Lavery's testimony will consume approximately 60 minutes.

3.   Paul Gatewood, M.D., 5395 Bay Hill Drive, Canfield, OH 44406: Dr. Gatewood is board-certified in obstetrics and gynecology. He will testify on standard of care, causation and damages. It is anticipated that Dr. Gatewood will testify that, inter alia, had the Defendant provided Ms. Settles with the care and treatment required by the applicable standard of care, Ms. Settles' hypertensive heart disease would have been successfully treated, and she would today be alive and well. Dr. Gatewood is also expected to testify regarding the opinions contained in his expert report. It is estimated that Dr. Gatewood's testimony will consume approximately 60 minutes.

4.  <u>Michael Berke, M.D.</u>, 55 N. Pond Drive, Walled Lake, Michigan 48390:  Dr. Berke is board-certified in obstetrics and gynecology.  He will testify on standard of care, causation and damages.  It is anticipated that Dr. Berke will testify that, <u>inter alia</u>, had the Defendant provided Ms. Settles with the care and treatment required by the applicable standard of care, Ms. Settles' hypertensive heart disease would have been successfully treated, and she would today be alive and well.  Dr. Berke is also expected to testify regarding the opinions contained in his expert report.  It is estimated that Dr. Berke's testimony will consume approximately 45 minutes.

5.  <u>Richard Lurito, Ph.D.</u>, 1491 Chain Bridge Road, Ste. 300, McLean, Virginia 22101:  Dr. Lurito is an economist.  He has performed an analysis of the economic damages suffered by the Decedent's four minor children.  It is estimated that Dr. Lurito's testimony will consume approximately 30 minutes.

Plaintiff reserves the right to call at trial, if necessary, the following fact witnesses:

1.  <u>Michelle Chevalier</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Ms. Chevalier, the current Health Center Director of Southwest Health Center, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Chevalier's testimony will consume approximately 30 minutes.

2.  <u>Johnnie Belinda Boykin</u>, Unity Health Care East of the River Health Center, 123 45th Street, N.E., Washington, D.C. 20019:  Ms. Boykin, the Health Center Director of East of the River Health Center, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Boykin's testimony will consume approximately 30 minutes.

3.  <u>Leslie Walker</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Ms. Walker, the Health Information Management Services Officer for Unity Health Care, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Walker's testimony will consume approximately 30 minutes.

4.  <u>Linda Nevins, R.N.</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Ms. Levins, the Chief Quality Corporate Compliance Officer for Unity Health Care, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Nevins' testimony will consume approximately 30 minutes.

5.  <u>Vincent Keene</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Mr. Keene, the Chief Executive Officer for Unity Health Care, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Mr. Keene's testimony will consume approximately 30 minutes.

6.  <u>Patsy Olds</u>, Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024:  Ms. Olds, an employee of Unity Health Care, is expected to testify regarding the Defendant's failure to maintain and protect the Decedent's medical records.  It is estimated that Ms. Olds' testimony will consume approximately 30 minutes.

7.  <u>Michael Wesley</u>, 891 Clopper Road, Gaithersburg, M.D. 20878:  Mr. Wesley, father of Janiya Settles, is expected to testify on the issues of damages and liability.  It is anticipated that Mr. Wesley will testify regarding, <u>inter alia</u>, the type of mother Ms. Settles was prior to her death.  He is expected to testify regarding the devastating loss that Ms. Settles' minor children

14

have suffered as a result of their mother's death, including but not limited to loss of parental care, education, training, guidance, service, and advice.  Mr. Wesley is also expected to testify regarding Ms. Settles' health during her fourth pregnancy and prior pregnancy, including but not limited to her complaints and symptoms.  It is estimated that Mr. Wesley's testimony will consume approximately 45 minutes.

## EXHIBITS

The Plaintiff expects to admit into evidence and/or utilize at trial the following:

1.    Selena Settles' medical records from Unity Health Care, Inc., including Account Claim Selection and Encounter Forms from 04/04/02 – 10/02/03.

2.    Unity Health Care's Obstetrical Visit Flow Sheet.

3.    Selena Settles' medical records from Howard University Hospital, Chest x-ray report of 09/26/03.

4.    Selena Settles' medical records from George Washington University Hospital, ER visit of 09/28/03.

5.    Selena Settles' Medicaid Billing Statements from 02/26/03 – 09/28/03.

6.    Selena Settles' medical records from Armando B. Figueroa, M.D., Office records from 08/16/96 – 12/03/99.

7.    Selena Settles' Autopsy Report.

8.     Selena Settles' Death Certificate.

9.    Department of Defense Pathology Report.

10.    Pathology slides, including blow ups.

11.    Ronnell Farrington's medical records from George Washington University Hospital from 09/28/03 – 10/19/03.

12.    Selena Settles' funeral bills.

13.    Selena Settles' medical bills.

14.    Selena Settles' Chest x-ray of 09/26/03 from Howard University Hospital.

15.    Selena Settles' Sonogram of 06/17/03 from Washington Hospital Center.

16.    Photographs of Selena Settles.

17.    Unity Health Care Incident Report dated 5/4/04.

18.    Unity Health Care's Policy for Maintenance of Medical Records, including both policies provided during discovery.

19.    Curriculum vitae of the Plaintiffs' experts.

20.    Curriculum vitae of the other parties' experts.

21.    Blow-ups, models, charts, diagrams and medical illustrations.

22.    Any medical literature relied upon by any expert.

22.    Any other exhibits identified by any other party.

Plaintiff reserves the right to admit into evidence and/or utilize at trial, if necessary, the following:

1.    Letters of Administration.

2.    Dr. Hutchins' expert report.

3.    Dr. Lavery's expert report.

4.    Dr. Gatewood's expert report.

5.    Dr. Berke's expert report.

6.    Dr. Lurito's economic damages report.

7.    Videotapes of witnesses.

16

**DEPOSITION TESTIMONY**

The Plaintiff respectfully requests this Honorable Court's permission to designate three days prior to trial specific sections of any deposition taken in this matter to be used as substantive evidence.

**ITEMIZATION OF ECONOMIC DAMAGES**

1.  <u>Lost maternal services</u>:  The present value of Ms. Settles' lost maternal services is at least $776,733.00.  <u>See</u> <u>Doe v. Binker</u>, 492 A.2d 857, 863-64 (D.C. 1985) (permitting the fact-finder to award significantly more than the expert witness' economic valuation of loss of services).

2.  <u>Medical bills</u>:  The medical bills total $5,051.10.

3.  <u>Funeral bills</u>:  The funeral expenses total $3,717.87.

Respectfully submitted,

___/s/ Thomas C. Cardaro_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
***Cardaro & Peek, L.L.C.***
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
***Attorneys for Plaintiff***