**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:  05-1361 (JR)
Next Court Deadline: 3/6/08
Final Pretrial Conference

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE NOT DISCLOSED IN ACCORDANCE WITH FED. R. CIV. P.  RULE 26(a) AND DISCOVERY REQUESTS

Now comes the Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch and Cardaro & Peek, L.L.C., and pursuant to Fed. Civ. P. 37 (c) and (d), hereby submits Plaintiff's Motion In Limine to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests, stating as follows:

1.    This is a complex medical malpractice case arising out of the Defendant's negligent failure to timely and appropriately diagnose and treat Selena Settles' pregnancy induced hypertensive heart disease which resulted in her death on September 28, 2003, at age twenty-nine (29).  Ms. Settles leaves behind, inter alia, four minor children.

2.    Over the course of three-and-a-half years of litigation, the Defendant has persistently failed to provide fact and expert discovery.

3.    The Defendant failed to provide its Rule 26(a)(1) Initial Disclosure which has been past due for more than two years.

4.    The Defendant failed to provide its Rule 26(a)(2) Expert Disclosure which has

been <u>past due for almost one year</u>.

5.    The Defendant failed to respond to the Plaintiff's First and Second Set of Interrogatories and Plaintiff's First, Second and Third Set of Requests for Production of Documents.  A number of the Defendant's responses to the Plaintiff's discovery requests have been <u>overdue for approximately ten months</u>.

6.    Despite repeated requests, the Defendant failed to provide the overdue discovery.

7.    The Defendant's long-standing pattern of discovery violations has irreparably impaired the Plaintiff's ability to prepare for the trial of this case.

8.    Therefore, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial expert and fact evidence which has not been disclosed pursuant to Rule 26(a)(1) and (2), and the Plaintiff's discovery requests.

9.    In further support hereof, the Plaintiff submits the attached Memorandum of Points and Authorities in Support of Plaintiff's Motion <u>In Limine</u> to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial expert and fact evidence, including witnesses, documents and other tangible things, which were not disclosed pursuant to Rule 26(a)(1) and (2), and the Plaintiff's discovery requests.

Respectfully submitted,


__/s/ Thomas C. Cardaro_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
**_Cardaro & Peek, L.L.C._**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
**_Attorneys for Plaintiff_**


## <u>FED. R. CIV. P. RULE 37 (d) AND LCvR 7(m)</u><br><u>CERTIFICATION OF GOOD FAITH EFFORT TO CONFER</u>

On February 29, 2008, Plaintiff's counsel Jeffrey L. Peek, Esq., had a telephone conversation with Defense counsel Charlotte Abel, Esq., to confer regarding the instant motion. Defense counsel objects to the relief requested herein. Additionally, Plaintiff's counsel has made repeated good faith attempts to obtain the discovery at issue in the instant motion as demonstrated by Plaintiff's Exhibit No. 6.


Respectfully submitted,


/s/ Thomas C. Cardaro_____
Thomas C. Cardaro

## **REQUEST FOR HEARING**

Plaintiff hereby requests a hearing on his Motion <u>In Limine</u> to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests.

/s/ Thomas C. Cardaro_____
Thomas C. Cardaro

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

: Civil Action No.:  05-1361 (JR)
: Next Court Deadline: 3/6/08
: Final Pretrial Conference

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE NOT DISCLOSED IN ACCORDANCE WITH FED. R. CIV. P.  RULE 26(a) AND DISCOVERY REQUESTS

Now comes the Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch and Cardaro & Peek, L.L.C., and pursuant to Fed. R. Civ. P. 37 (c) and (d), hereby submits the following Memorandum of Points and Authorities in Support of Plaintiff's Motion In Limine to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests.

## BACKGROUND

This is a complex medical malpractice case arising out of the Defendant's negligent failure to timely and appropriately diagnose and treat Selena Settles' pregnancy induced hypertensive heart disease which resulted in her death on September 28, 2003, at age twenty-nine (29).  Ms. Settles leaves behind, inter alia, four minor children.

Over the course of three-and-a-half years of litigation, the Defendant has persistently failed to provide fact and expert discovery.  The Defendant failed to provide its Rule 26(a)(1) Initial Disclosure which has been past due for more than two years.  The Defendant failed to

provide its Rule 26(a)(2) Expert Disclosure which has been <u>past due for almost a year</u>. The Defendant failed to respond to the Plaintiff's First and Second Set of Interrogatories and Plaintiff's First, Second and Third Set of Requests for Production of Documents. A number of the Defendant's responses to the Plaintiff's discovery requests have been <u>overdue for approximately ten months</u>. Despite repeated requests, the Defendant failed to provide the overdue discovery. Conversely, the Plaintiff timely provided his Rule 26(a)(1) Initial Disclosure, Rule 26(a)(2) Expert Disclosure, and responses to the Defendant's discovery requests.

In order to prevent irreparable prejudice and unfair surprise at trial, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial expert and fact evidence, including witnesses, documents and other tangible things, which were not disclosed pursuant to Rule 26(a)(1) and (2), and the Plaintiff's discovery requests.

## FACTS

On July 5, 2005, the Plaintiff filed this wrongful death action and survival action on behalf of the Estate and next of kin of Selena Settles. Thereafter, on November 2, 2005, the Plaintiff provided the Defendant his Rule 26(a)(1) Initial Disclosure. <u>See</u> Exhibit No. 1, Plaintiff's Rule 26(a)(1) Initial Disclosure. On January 11, 2006, the parties filed the Joint Local Rule 16.3(d) Report wherein the parties agreed to exchange Rule 26(a)(1) Initial Disclosures by January 23, 2006. <u>See</u> Joint Local Rule 16.3(d) Report filed on 1/11/06. Although the Plaintiff provided his initial disclosure more than two months prior to the deadline, the Defendant failed to provide its initial disclosure – which is now more than two years past due.

After the parties attended an unsuccessful mediation with Magistrate Judge Deborah

Robinson, this Honorable Court set trial to commence on June 26, 2007. See Court Order dated 1/17/07. Pursuant to Rule 26(a)(2), the parties were required to exchange expert reports 90 days prior to trial on March 29, 2007. See Fed. R. Civ. P. 26(a)(2)(C); LCvR 26.2(a). The Defendant was adamant in the Joint Local Rule 16.3(d) Report stating that the "Defendant does not agree to waive the expert report requirement in Fed. R. Civ. P. 26(a)(2)." Joint Local Rule 16.3(d) Report. On March 26, 2007, three days before expert reports were due, this Honorable Court issued an Order which stated that "the dates for the exchange of expert reports . . . are extended for 30 days." Court Order dated 3/26/07. In accordance with this Honorable Court's Order, the Plaintiff timely provided the Defendant his Rule 26(a)(2) expert reports on April 26, 2007. See Exhibit No. 2, Plaintiff's counsel's cover letter to Defense counsel regarding Rule 26(a)(2) Expert Disclosure. In fact, Plaintiff had previously provided his economic loss damages report nine months prior to the Court ordered deadline. Despite this Honorable Court's 30 day extension of the deadline for exchange of expert reports, the Defendant has still failed to provide the Plaintiff any Rule 26(a)(2) medical expert reports – which are now almost one year overdue.

Now on the eve of trial, on February 19, 2008, approximately nine months past Rule 26(a)(2)'s expert rebuttal deadline, the Defendant, without leave of court, belatedly disclosed an expert economic loss damages report.

On April 16, 2007, the Plaintiff served on the Defendant the Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents. See Exhibit No. 3, Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents. Approximately a week later, the Plaintiff served on the Defendant the Plaintiff's Second Set of Requests for Production of Documents. See Exhibit No. 4, Plaintiff's

Second Set of Requests for Production of Documents.  Thereafter, the Plaintiff served on the Defendant the Plaintiff's Second Set of Interrogatories and Plaintiff's Third Set of Requests for Production of Documents.  See Exhibit No. 5, Plaintiff's Second Set of Interrogatories and Plaintiff's Third Set of Requests for Production of Documents.  Despite repeated requests from the Plaintiff, the Defendant failed to provide any response to the Plaintiff's discovery requests. (See Exhibit No. 6, Letters from Plaintiff's counsel to Defense counsel requesting discovery responses).  The Plaintiff timely responded to all of the Defendant's discovery requests.

The Final Pretrial Conference is set for March 6, 2008, and trial is scheduled to commence on March 17, 2008.  Pursuant to LCvR. 16.5(a)(2), the Plaintiff timely filed his Pretrial Statement "[n]ot less than eleven days prior to the final Pretrial Conference . . .." LCvR. 16.5(a)(2).  As of the filing of this Motion, the Defendant has failed to file a Pretrial Statement.

Because the Defendant has persistently failed to provide expert and fact discovery over the course of three-and-a-half years of litigation in direct violation of the Federal Rules of Civil Procedure and this Honorable Court's March 26, 2007 Order, the Plaintiff has suffered irreparable prejudice in his preparation for the trial of this case.  With the exception of Ms. Settles' treating healthcare providers who were deposed (i.e., Earl Nicholas, M.D., Teresa Marchese, C.N.M., and Cornelius Merrick, M.D.)[1], the Plaintiff – on the eve of trial – does not know what, if any, expert and/or fact evidence the Defendant intends to attempt to introduce at trial.  Therefore, pursuant to Fed. R. Civ. P. 37 (c) and (d), the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial expert and fact evidence which was not disclosed pursuant to Rule 26(a)(1) and (2), and the Plaintiff's discovery requests.

---

[1] The Plaintiff is not seeking to preclude at trial the testimony of fact witnesses who were deposed.

## LEGAL ARGUMENT

**I.     The failure to comply with the requirements of Rule 26(a)(2) Expert Disclosure should preclude the Defendant from introducing expert testimony at trial.**

Under Rule 26(a)(2)(B), a party intending to call an expert witness at trial must provide a report which discloses, <u>inter alia</u>, the expert's opinions and the basis and reasons therefor. <u>See</u> Fed. R. Civ. P. 26(a)(2)(B). "The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial." <u>Halcomb v. WMATA</u>, 526 F.Supp.2d 24, 28 (D. D.C. 2007); <u>Muldrow v. Re-Direct, Inc.</u>, 493 F.3d 160, 167, 377 U.S. App. D.C. 187 (2007). "Under Rule 37(c)(1), if a party fails to disclose the information required by Rule 26(a), its experts may not testify . . .." <u>Muldrow</u>, 493 F.3d at 167; <u>Scott v. District of Columbia</u>, 246 F.R.D. 49, 52 (D. D.C. 2007); Fed. R. Civ. P. 37 (c)(1); LCvR 26.2(a).

In March 2007, this Honorable Court issued an Order which extended the deadline to the end of April 2007 for the parties to exchange Rule 26(a)(2) expert reports. <u>See</u> Court Order dated 3/26/07. Inexplicably, the Defendant violated Rule 26(a)(2) and this Honorable Court's March 26, 2007 Order by still today failing to disclose any medical expert reports. The Defendant's medical expert reports are past due for almost one year. There exists no justification whatsoever (nor obviously substantial justification) for the Defendant's failure to file any Rule 26(a)(2) medical expert reports. <u>See Scott</u>, 246 F.R.D. at 52-3 (striking defendant's medical expert witnesses because the government could not explain why it took more than four months past the deadline to comply with Rule 26(a)(2) expert disclosures). Similarly, there exists no justification for the Defendant's late filing of its economic loss damages report nine months past the expert rebuttal deadline. <u>See id.</u>

The Defendant's violation of Rule 26(a)(2) and this Honorable Court's March 26, 2007

Order has caused the Plaintiff to suffer irreparable prejudice in his preparation for the trial of this case. Throughout the pendency of this case, the Plaintiff was led to believe that the Defendant did not intend to call any expert witnesses at trial. Consequently, the Plaintiff was, inter alia, forced to complete discovery without expert disclosures; was denied the opportunity to depose any experts on their respective opinions; was denied the opportunity to produce rebuttal expert reports; and, worst of all, was denied the opportunity to adequately prepare for cross-examination of the experts at trial. Needless to say, the "experts are pivotal to the outcome of this litigation." Id. at 53. Because the Defendant failed to provide expert discovery, any expert testimony attempted to be offered at trial by the Defendant will result in unfair surprise to the Plaintiff – which is exactly the type of unfair prejudice Rule 26(a)(2) is intended to prevent. See Muldrow, 493 F.3d at 167; Halcomb, 526 F.Supp.2d at 28.

Accordingly, because there exists no substantial justification for the Defendant's failure to comply with Rule 26(a)(2) and this Honorable Court's March 26, 2007 for almost one year, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial any expert testimony.

**II.     The failure to provide Rule 26(a)(1) Initial Disclosure should preclude the Defendant from calling witnesses and introducing evidence at trial.**

Rule 26(a)(1) requires a party, without awaiting a discovery request, to disclose the names of individuals likely to have discoverable information and a description of all documents and other tangible evidence which may be used to support a party's defense. See Fed. R. Civ. P. 26(a)(1)(A) and (B). A party's "failure to provide the discovery required of [it] under the Federal Rules of Civil Procedure seriously disadvantages" the opposing party. Handy v. Shaw, 2006 WL 3791387, *8 (D. D.C. 2006). Witnesses and evidence not disclosed pursuant to Rule 26(a)(1) may not be used at trial. See U.S. v. M&T Mortgage Corp., 2006 WL 949899, *1 (D.

D.C. 2006); Fed. R. Civ. P. 37(c)(1).

The Defendant was required to provide its Rule 26(a)(1) Initial Disclosure by January 23, 2006. See Joint Local Rule 16.3(d) Report. More than two years later, the Defendant has continued in its failure to provide the mandatory discovery. The Plaintiff repeatedly requested the Defendant to provide the withheld discovery. See Exhibit No. 6. Similar to its failure to comply with Rule 26(a)(2) Expert Disclosure, there exists no justification whatsoever for the Defendant's failure to provide the identity of individuals and the description of documents required by Rule 26(a)(1). See M&T Mortgage Corp., 2006 WL 949899 at *1 (striking declarations of witnesses not disclosed pursuant to Rule 26(a)(1)).

The Defendant's failure to comply with mandatory discovery "seriously disadvantages" the Plaintiff's ability to prepare for trial. Handy, 2006 WL 3791387 at *8 (party's failure to provide substantial discovery for more than two years requires dismissal of case). For example, on February 29, 2008, the Defendant belatedly disclosed laboratory results of Selena Settles which the Defendant had in its possession. The laboratory results should have been identified more than two years ago in the Defendant's Rule 26(a)(1) Initial Disclosure. The laboratory results indicate that just prior to her death, Ms. Settles had protein in her urine which is a classic sign of a pregnant woman suffering from uncontrolled pregnancy induced hypertension. The belatedly disclosed laboratory results directly support the Plaintiff's allegation that the Defendant failed to appropriately treat Ms. Settles' pregnancy induced hypertension. Because of the Defendant's discovery violation, the Plaintiff was denied the right to provide his medical experts (prior to the expert report deadline) with this important piece of evidence to further support their respective opinions that the Defendant breached the standard of care and caused Ms. Settles' death.

The Defendant also recently provided other additional medical records of Ms. Settles which were in its possession. These much-belatedly disclosed medical records indicate that prior to her death, Ms. Settles was being seen repeatedly by the Defendant for "Problem Focused" office visits. Again, just like the belatedly disclosed laboratory results, these medical records are further evidence that Ms. Settles was experiencing a complicated pregnancy (i.e., pregnancy induced hypertension). And just like the belatedly disclosed laboratory results, these medical records were not produced by the Defendant until approximately ten months after the parties were required to provided expert reports.

Accordingly, because there exists no substantial justification for the Defendant's failure to comply with mandatory discovery for more than two years, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial witnesses, documents and other evidence not disclosed in accordance with Rule 26(a)(1).

**III.    The failure to respond to the Plaintiff's discovery requests should preclude the Defendant from calling witnesses and introducing evidence at trial.**

Pursuant to Rule 37(d), if a party fails to serve answers or objections to interrogatories and/or fails to serve a response to request for production of documents, it may be precluded at trial from introducing into evidence the withheld discovery. See Fed. R. Civ. P. 37(d). When an offending party fails to serve a response to a discovery request, the injured party does not have to first seek a motion to compel in order for a court to preclude the use of the withheld discovery at trial. See id.

The Defendant has failed to serve a response to the Plaintiff's First and Second Set of Interrogatories and Plaintiff's First, Second, and Third Set of Requests for Production of Documents. The Defendant did not object to any of the Plaintiff's discovery requests. A number of the Defendant's responses have been overdue for approximately ten months. See

Exhibits No. 4 and 5.  The Plaintiff has repeatedly requested the withheld discovery.  See Exhibit No. 6.  The Defendant's persistent discovery violations cannot be excused.  See Weisberg v. Webster, 749 F.2d 864, 872, 242 U.S. App. D.C. 186 (1984) (affirming trial court's dismissal of case because of party's failure to respond to discovery requests).

Just like the Defendant's failure to provide discoverable information pursuant to Rule 26(a)(1) and (2), the Defendant's failure to provide discovery responses has irreparably prejudiced the Plaintiff's prosecution of this case.  For example, the Plaintiff has been denied, inter alia, the right (1) to obtain information which would further support his allegations; (2) to ascertain the basis of the Defendant's defenses; (3) to prepare for the cross-examination of the Defendant's witnesses; (4) to provide additional information to the Plaintiff's experts which would further support their respective opinions; (5) and to obtain additional discovery based on the Defendant's initial discovery responses.

Accordingly, because of the Defendant's failure to respond to discovery requests, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial witnesses, documents and other evidence not disclosed.

## CONCLUSION

Over the course of three-and-a-half years of litigation, the Defendant has persistently failed to provide fact and expert discovery.  There is no justification for the Defendant's failure to comply with Rule 26(a)(1) Initial Disclosure for more than two years; its failure to comply with Rule 26(a)(2) Expert Disclosure for almost one year; and its failure to comply with the Plaintiff's discovery requests for as long as ten months.  The Defendant's long-standing pattern of discovery violations has irreparably impaired the Plaintiff's ability to prepare for the trial of this case.  Given the long life of this case, a postponement of trial would only further injure the

Plaintiff by unduly delaying his right to a trial on the merits.  Rather, the only fair and just remedy is to preclude the Defendant from introducing the withheld evidence at trial. Accordingly, the Plaintiff respectfully requests that this Honorable Court preclude the Defendant from introducing at trial expert and fact evidence, including witnesses, documents, and other tangible things, which were not disclosed pursuant to Rule 26(a)(1) and (2), and the Plaintiff's discovery requests.

Respectfully submitted,

\_\_/s/ Thomas C. Cardaro_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
**Cardaro & Peek, L.L.C.**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
**Attorneys for Plaintiff**