# CARDARO & PEEK, LLC

ATTORNEYS AT LAW

201 NORTH CHARLES STREET

SUITE 2100

BALTIMORE, MARYLAND 21201

(410) 752-6166

FACSIMILE (410) 752-6013

WWW.CARDAROLAW.COM

THOMAS C. CARDARO
MD, DC

JEFFREY L. PEEK
MD, DC

C. DREW FRITCH
MD, DC

MARGARET Y. DEFRIES
RN, BSN, LNCC
NURSE CONSULTANT

WASHINGTON, DC OFFICE

1875 I STREET, N.W.
5TH Floor
WASHINGTON, DC 20006

WASHINGTON, DC LINE:
(202) 628-7778

REPLY TO
BALTIMORE OFFICE

November 2, 2005

***Via Certified Mail***

Ms. Charlotte A. Abel, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
Room E4410
Washington, D.C. 20530

Re:     ***William Settles v. United States of America***
United States District Court for the District of Columbia
Civil Action No.: 05-1361 (JR)

Dear Ms. Abel:

Pursuant to the Federal Rules of Civil Procedure, please accept this correspondence as the Plaintiff's Rule 26 (a) (1) Initial Disclosure.

The following individuals are likely to have discoverable information that the Plaintiff may use to support his claim: (1) William Settles, 4922 4th Street, N.W., Washington, D.C. 20011; (2) Arnette Settles, 4922 4th Street, N.W., Washington, D.C. 20011; (3) Michael Wesley, 891 Clopper Road, Gaithersburg, M.D. 20878; (4) Ronald Farrington, Jr., 1305 Potomac Heights Drive, Fort Washington, M.D. 20744; (5) Eva Patterson, 2339 25th Street, S.E., Washington, D.C. 20020; (6) Bridgette Proctor, 4311 3rd Street, S.E., #103, Washington, D.C. 20032; (7) Charles Dantzler, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744; (8) Darlene Dantzler, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744; (9) Janiya Settles, 891 Clopper Road, Gaithersburg, M.D. 20878; (10) Ronnelle Farrington, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744; (11) Ronald Farrington, 1305 Potomac Heights Drive, Fort Washington, M.D. 20744; (12) Charnese Settles, 2339 25th Street, S.E., Washington, D.C. 20020; (13) Earl Nicholas, M.D., Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024; (14) Teresa Marchese, C.N.M., Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024; (15) Jennifer Leonard, Medical Records Department, Unity Health Care Southwest

PLAINTIFF'S EXHIBIT

1

ALL-STATE LEGAL®

Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024; (16) all healthcare providers who treated, examined, or had contact with Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024; (17) all healthcare providers who treated, examined, or had contact with Selena Settles at Howard University Hospital on 09/26/03; (18) all healthcare providers who treated, examined, or had contact with Selena Settles at George Washington University Hospital on 09/28/03; the paramedics who transported Selena Settles to George Washington University Hospital on 09/28/03; and (19) any and all health care providers who may have treated, examined, or had contact with Selena Settles at any health care facility.  Additionally, Plaintiff reserves the right to identify additional witnesses as discovery progresses in this case.

As you know, Plaintiff's counsel has been informed by the medical records department of Unity Health Care that the medical records of Selena Settles have been destroyed.  With that in mind, attached are documents currently in the possession of the Plaintiff that may be used to support his claim: (1) Unity Health Care Account Claim Selection Record; (2) Howard University Hospital Chest X-Ray Report of 09/26/03; (3) Selena Settles' George Washington University Hospital Medical Records; (4) Ronnelle Farrington's George Washington University Hospital Medical Records; (5) Death Certificate; (6) Autopsy Report; (7) Various Medical Records of Selena Settles maintained by her employer Greyhound Bus Lines; (8) George Washington University Hospital Medical Bills; (9) Medicaid Lien Notice (10) Funeral Bills; (11) Letters of Administration; and (12) Selena Settles' employment records.  Additionally, Plaintiff is in possession of a copy of the Howard University Hospital Chest X-Ray Film of 09/26/03 and will provide a copy of said film upon request.

The following are categorical computations of damages that the Plaintiff is seeking compensation for in his claim: (1) Medical bills (Plaintiff is currently in the process of resolving the discrepancy between George Washington University Hospital Medical Bills and the Medicaid Lien amount); (2) funeral bills totaling $3,717.87; (3) non-economic damages sustained by the estate of Selena Settles; and (4) economic damages sustained by the estate and next of kin of Selena Settles.  Pursuant to Rule 26 (a) (2), an expert economic damages report detailing Selena Settles' lost future earnings and the lost services of Selena Settles to her next of kin will be provided upon completion.

Of course, if you have any questions regarding the above, please do not hesitate to contact me at 202-628-7778.

Very truly yours,

C. Drew Fritch

# CARDARO & PEEK, LLC

ATTORNEYS AT LAW

201 NORTH CHARLES STREET

SUITE 2100

BALTIMORE, MARYLAND 21201

(410) 752-6166

FACSIMILE (410) 752-6013

WWW.CARDAROLAW.COM

THOMAS C. CARDARO
MD, DC

JEFFREY L. PEEK
MD, DC

C. DREW FRITCH
MD, DC

MARGARET Y. DEFRIES
RN, BSN, LNCC
NURSE CONSULTANT

WASHINGTON, DC OFFICE

1875 I STREET, N.W.
5TH Floor
WASHINGTON, DC 20006

WASHINGTON, DC LINE:
(202) 628-7778

REPLY TO
BALTIMORE OFFICE

April 27, 2007

***Via Hand Delivery***
Ms. Charlotte A. Abel, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4410
Washington, D.C. 20530

**Re:**    ***William Settles v. United States of America***
United States District Court for the District of Columbia
Civil Action No.: 05-1361 (JR)

Dear Charlotte:

In accordance with the current Scheduling Order and the applicable Federal Rules, I am providing you with our expert witness disclosures. Enclosed you will find the following:

1)   a. Report of Grover Hutchins, M.D.
b. Curriculum Vitae of Grover Hutchins, M.D.
c. Deposition and Trial Testimony List of Grover Hutchins, M.D.
2)   a. Report of Patrick J. Lavery, M.D.
b. Curriculum Vitae of Patrick J. Lavery, M.D.
c. Deposition and Trial Testimony List of Patrick J. Lavery, M.D.
3)   a. Report of Michael Berke, M.D.
b. Curriculum Vitae of Michael Berke, M.D.
c. Deposition and Trial Testimony List of Michael Berke, M.D.
4)   a. Report of Paul Gatewood, M.D.
b. Curriculum Vitae of Paul Gatewood, M.D.
c. Deposition and Trial Testimony List of Paul Gatewood, M.D.
5)   a. Report of Richard Lurito, Ph.D.
b. Curriculum Vitae of Richard Lurito, Ph.D.
c. Deposition and Trial Testimony List of Richard Lurito, Ph.D.

PLAINTIFF'S EXHIBIT
#2
ALL-STATE LEGAL®

April 27, 2007
Page 2

In addition, all of the experts with the exception of Dr. Lurito, reviewed the depositions of Nurse Marchese and Dr. Nicholas. Furthermore, all of plaintiff's experts expressly reserve the right to supplement their testimony should additional information become available.

Thank you for your attention.

Very truly yours,

Jeffrey L. Peek

Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No.:  05-1361 (JR)
Next Court Deadline: 04/19/07
Dispositive Motions

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA

**TO:**       United States of America, Defendant

**FROM:**   William Settles, Plaintiff

Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, and Cardaro & Peek, L.L.C., and pursuant to Rule 33, propound the following Interrogatories to be answered by the Defendant, within thirty (30) days.

## INSTRUCTIONS

(a)    These Interrogatories are continuing in character to the extent required by the Rules of the Court.

(b)    Where the name of a person is requested, indicate the name, home address, and business address of such person.

(c)    Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

(d)    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, next friend, guardian, representative, and unless privileged, his attorneys.

## DEFINITIONS

In these interrogatories, the following definitions apply:

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
201 NORTH CHARLES STREET
SUITE 2100
BALTIMORE, MARYLAND 21201

(410) 752-6166
TELECOPIER
(410) 752-6013



PLAINTIFF'S
EXHIBIT
3A

(a)     **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)     **Identify, identity,** or **identification,** (1) when used in reference to a natural **person,** means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a **person** other than a natural **person,** means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when used in reference to any **person** after the **person** has been properly **identified** previously means the **person's** name; and (4) when used in reference to a **document,** requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or attach an accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory.

(c)     **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, a court, and any other governmental entity.

(d)     **Plaintiff** as used herein means Selena Settles, William Settles or both depending upon the context of the Interrogatory.

(e)     **Medical Records** as used herein means the medical records which were created and maintained to record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003–September 25, 2003.

(f)     **Unity Health Care Southwest Health Center,** as used herein refers to the health center located at 850 Delaware Avenue, S.W., Washington, D.C. 20024.

## INTERROGATORIES.

1.     Describe and explain in as much detail as possible how Selena Settles' medical records were lost and/or destroyed.  Include in your answer the name and address of all persons

who have knowledge of the facts and circumstances surrounding the loss and/or destruction of Selena Settles' medical records.

    2.    State the names and addresses of all persons from whom you have written, signed or recorded statements regarding the facts involving the loss and/or destruction of Selena Settles' medical records, attaching to these answers a copy of any such statement.

    3.    Identify each and every written statement, document, report, record, or writing relative to any of the facts which may be presented in the defense of this case, setting forth the subject matter, as well as the name and address of the present custodian.

    4.    Does this Defendant contend that any other individual, professional association, corporation, partnership, or other business association, whether or not named as a Defendant herein, was negligent and/or caused and/or contributed to the loss and/or destruction of Selena Settles' medical records.  If so, state the name and address of each party setting forth in detail the basis for your contention.

    5.    Has any agent, servant, employee or independent contractor of Unity Health Care, Inc., prepared an incident report, directed that one be prepared, or participated in the preparation of such a report relative to the loss and/or destruction of Selena Settles' medical records?  If so, this Defendant is to state the date upon which a report was written, the names of all persons who participated in its preparation, and the name and address of the present custodian.

    6.    Identify any and all documents which list, describe, and/or discuss the policy and procedure for securing, maintaining and safeguarding medical records at Unity Health Care Southwest Health Center in effect from 2002 through 2007, attaching copies of any and all such documentation.

7.    Identify any and all documents and forms which were utilized to record patient findings during an obstetrical visit at Unity Health Care Southwest Health Center in 2003, attaching copies of any and all such documentation.

Respectfully submitted,

_____

Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
*Cardaro & Peek, L.L.C.*
201 North Charles Street
Suite 1903
Baltimore, Maryland 21201
410-752-6166
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___16th___ day of ___April___ 2007, a copy of the Plaintiff's Interrogatories to Defendant United States of America was mailed, postage prepaid, to:

Charlotte A. Abel, Esq.
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th St., N.W.
Washington, D.C. 20530

_____

Jeffrey L. Peek

*1873/rogs-USA*                                                        4

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:  05-1361 (JR)
Next Court Deadline: 04/19/07
Dispositive Motions

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT UNITED STATES OF AMERICA

Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, and Cardaro &

Peek, L.L.C., and pursuant to Rule 34, request this Defendant to produce and permit the

Plaintiff to inspect, copy and photograph all documents, things and compilations referred to

below in Defendant's possession, custody or control which embody, refer or relate to in any way

the subject matter of this litigation within thirty (30) days of this request.  These requests are

considered to be continuing in character to the extent required by the Rules of the Court.

## INSTRUCTIONS

A.      As used herein, the word "document" refers to all writings and/or other tangible or electronic records including but not limited to all medical reports, records, charts, correspondence, notes, memoranda, minutes, inventory records, payroll records, corporate records, bank records, accounting records, logs, work reports, ledgers, books of account, tape or other recordings, contracts, files, photographs, depositions, hearing or trial transcripts and all other writings or other date, compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photograph, or other means, as well as phonic (such as recording) or video reproductions of any oral statement, conversation or event.

B.      As used herein, the word "document" includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced.

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
01 NORTH CHARLES STREET
SUITE 2100
ALTIMORE, MARYLAND 21201

(410) 752-6166

TELECOPIER
(410) 752-6013

PLAINTIFF'S
EXHIBIT
3B
ALL-STATE LEGAL®



C.      This request is directed to all documents within the possession, custody or control of the defendant, and also includes documents in the possession, custody or control of agents, persons or entities in privity with the defendant, including past or present attorney.

D.      As used herein, the term "relating to" means containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in the request.

E.      To the extent a privilege is claimed with respect to any document covered by this request for production of documents, defendant is requested to state with respect to such document the following:

      (1)      the basis for the claim of privilege;
      (2)      the author of such document;
      (3)      to whom such document is addressed;
      (4)      the date upon which such document was prepared;
      (5)      the title or heading of such document;
      (6)      the type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, book of accounts, etc.);
      (7)      any other information which might be necessary to describe such document sufficiently for designation thereof;
      (8)      its present location and custodian.

F.      These requests are considered to be continuing in nature to the extent required by the Rules of the Court.

G.      When producing documents, you should organize and label them where appropriate to correspond with the numbered categories in this request.

## DEFINITIONS

In these requests, the following definitions apply:

(a)      **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)      **Identify, identity**, or **identification**, (1) when used in reference to a natural **person**, means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a **person** other than a natural **person**, means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when used in reference to any **person** after the **person** has been properly

**identified** previously means the **person's** name; and (4) when used in reference to a **document**, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or attach an accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory.

(c)    **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, a court, and any other governmental entity.

(d)    **Plaintiff** as used herein means Selena Settles, William Settles or both depending upon the context of the Interrogatory.

(e)    **Medical Records** as used herein means the medical records which were created and maintained to record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003–September 25, 2003.

(f)    **Unity Health Care Southwest Health Center**, as used herein refers to the health center located at 850 Delaware Avenue, S.W., Washington, D.C. 20024.

## REQUESTS

1.    Any and all documents which record and memorialize any and all care ever provided to Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

2.    Any and all documents which list, describe, and/or discuss the policy and procedure for securing and maintaining medical records at Unity Health Care Southwest Health Center in effect from 2002 through 2007.

3.    Any and all documents which list, describe, and/or discuss the policy and procedure in effect from 2002 through 2007 at Unity Health Care Southwest Health Center for

securing and maintaining medical records during the process of transferring the medical records from location to location.

4.    Any and all documents which list, describe, and/or discuss the policy and procedure in effect from 2002 through 2007 at Unity Health Care Southwest Health Center for permitting access to a patient's medical records to physicians and/or any other individual.

5.    Any and all documents, including requisition slips, which list and/or identify all individuals who have ever requested access to Selena Settles' medical records during the period of 2002 through 2007.

6.    Any and all documents which list and/or identify all individuals who have ever obtained access to and/or possession of Selena Settles' medical records during the period of 2002 through 2007.

7.    Any and all documents which list and/or identify the last individual(s) who obtained access to and/or possession of Selena Settles' medical records from Unity Health Care Southwest Health Center.

8.    Any and all documents which describe and/or discuss any investigation conducted to locate Selena Settles' medical records at Unity Health Care Southwest Health Center, including all findings and conclusions of said investigation.

9.    Any and all documents, including incident reports, which describe and/or discuss any investigation conducted to determine the cause of the loss and/or destruction of Selena Settles' medical records at Unity Health Care Southwest Health Center, including all findings and conclusions of said investigation.

10.    Any and all documents which list, describe, and/or discuss any change or modification made to the policy and procedure for securing and maintaining medical records at



Unity Health Care Southwest Health Center which came into effect after the loss and/or destruction of Selena Settles' medical records.

11.    Any and all documents, including correspondence, which concern Selena Settles in any manner.

12.    Any and all documents, including all employment agreements/contracts, which identify who was responsible for maintaining and securing Selena Settles' medical records at Unity Health Care Southwest Health Center during the period from 2002 through 2007.

13.    Any and all documents and forms which were utilized to record patient findings during an obstetrical visit at Unity Health Care Southwest Health Center in 2003, attaching copies of any and all such documentation.

Respectfully submitted,

_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
*Cardaro & Peek, L.L.C.*
201 North Charles Street
Suite 1903
Baltimore, Maryland 21201
410-752-6166
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of _April_ 2007, a copy of the

Plaintiffs Request for Production of Documents to Defendant United States of America was

mailed, postage prepaid, to:

> Charlotte A. Abel, Esq.
> Assistant United States Attorney
> United States Attorneys Office
> Civil Division
> 555 4th St., N.W.
> Washington, D.C. 20530

_____

Jeffrey L. Peek

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

     Plaintiff,

     v.

UNITED STATES OF AMERICA,

     Defendant.

     :
     :
     :
     :
     :
     :
     :
     :
     :
     :

Civil Action No.:  05-1361 (JR)
Next Court Deadline: 04/28/07
Rule 26(a)(2) Expert Disclosure

### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT UNITED STATES OF AMERICA

Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, and Cardaro &

Peek, L.L.C., and pursuant to Rule 34, request this Defendant to produce and permit the

Plaintiff to inspect, copy and photograph all documents, things and compilations referred to

below in Defendant's possession, custody or control which embody, refer or relate to in any

way the subject matter of this litigation within thirty (30) days of this request.  These requests

are considered to be continuing in character to the extent required by the Rules of the Court.

### INSTRUCTIONS

A.    As used herein, the word "document" refers to all writings and/or other tangible or electronic records including but not limited to all medical reports, records, charts, correspondence, notes, memoranda, minutes, inventory records, payroll records, corporate records, bank records, accounting records, logs, work reports, ledgers, books of account, tape or other recordings, contracts, files, photographs, depositions, hearing or trial transcripts and all other writings or other date, compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photograph, or other means, as well as phonic (such as recording) or video reproductions of any oral statement, conversation or event.

B.    As used herein, the word "document" includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced.

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
201 NORTH CHARLES STREET
SUITE 2100
BALTIMORE, MARYLAND 21201

(410) 752-6166

TELECOPIER
(410) 752-6013



PLAINTIFF'S
EXHIBIT
4



C.      This request is directed to all documents within the possession, custody or control of the defendant, and also includes documents in the possession, custody or control of agents, persons or entities in privity with the defendant, including past or present attorney.

D.      As used herein, the term "relating to" means containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in the request.

E.      To the extent a privilege is claimed with respect to any document covered by this request for production of documents, defendant is requested to state with respect to such document the following:

        (1)     the basis for the claim of privilege;
        (2)     the author of such document;
        (3)     to whom such document is addressed;
        (4)     the date upon which such document was prepared;
        (5)     the title or heading of such document;
        (6)     the type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, book of accounts, etc.);
        (7)     any other information which might be necessary to describe such document sufficiently for designation thereof;
        (8)     its present location and custodian.

F.      These requests are considered to be continuing in nature to the extent required by the Rules of the Court.

G.      When producing documents, you should organize and label them where appropriate to correspond with the numbered categories in this request.

## DEFINITIONS

In these requests, the following definitions apply:

        (a)     **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

        (b)     **Identify, identity,** or **identification,** (1) when used in reference to a natural **person,** means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a **person** other than a natural **person,** means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when used in reference to any **person** after the **person** has been properly



**identified** previously means the **person's** name; and (4) when used in reference to a **document**, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or attach an accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory.

(c)    **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, a court, and any other governmental entity.

(d)    **Plaintiff** as used herein means Selena Settles, William Settles or both depending upon the context of the Interrogatory.

(e)    **Medical Records** as used herein means the medical records which were created and maintained to record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 25, 2003.

(f)    **Unity Health Care Southwest Health Center**, as used herein refers to the health center located at 850 Delaware Avenue, S.W., Washington, D.C. 20024.

## REQUESTS

1.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any formal or informal investigation conducted to review the care and treatment Selena Settles received from February 26, 2003 – September 25, 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

2.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any facts involving the care and treatment Selena Settles received from February 26, 2003 – September



25, 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

3.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any findings of a review or an investigation of the care and treatment Selena Settles received from February 26, 2003 – September 25, 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

4.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any formal or informal investigation conducted to review the cause of Selena Settles' death.

5.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any formal or informal investigation conducted to review the cause of Selena Settles' complicated pregnancy.

6.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which were submitted to, reviewed by, or created as a result of any formal or informal investigation of the care and treatment Selena Settles received from February 26, 2003 – September 25, 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

7.    The complete file of any and all informal or formal review(s) of the care and treatment Selena Settles received from February 26, 2003 – September 25, 2003 at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024.

Respectfully submitted,

_____

Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
*Cardaro & Peek, L.L.C.*
201 North Charles Street
Suite 1903
Baltimore, Maryland 21201
410-752-6166
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___24th___ day of ___April___ 2007, a copy of the

Plaintiff's Second Request for Production of Documents to Defendant United States of

America was mailed, postage prepaid, to:

Charlotte A. Abel, Esq.
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th St., N.W.
Washington, D.C. 20530

_____

Jeffrey L. Peek

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

        Plaintiff,

        v.

UNITED STATES OF AMERICA,

        Defendant.

: Civil Action No.: 05-1361 (JR)
: Next Court Deadline: 03/06/08
: Final Pretrial Conference
:
:
:
:
:
:
:
:

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT UNITED STATES OF AMERICA

**TO:**       United States of America, Defendant

**FROM:**    William Settles, Plaintiff

Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, and Cardaro & Peek, L.L.C., and pursuant to Rule 33, propound the following Interrogatories to be answered by the Defendant, within thirty (30) days.

## INSTRUCTIONS

(a)    These Interrogatories are continuing in character to the extent required by the Rules of the Court.

(b)    Where the name of a person is requested, indicate the name, home address, and business address of such person.

(c)    Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

(d)    Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, next friend, guardian, representative, and unless privileged, his attorneys.

## DEFINITIONS

In these interrogatories, the following definitions apply:

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
201 NORTH CHARLES STREET
SUITE 2100
BALTIMORE, MARYLAND 21201

(410) 752-6166
TELECOPIER
(410) 752-6013



PLAINTIFF'S
EXHIBIT
5 A
ALL-STATE LEGAL®

(a)   **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)   **Identify, identity**, or **identification**, (1) when used in reference to a natural **person**, means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a **person** other than a natural **person**, means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when used in reference to any **person** after the **person** has been properly **identified** previously means the **person's** name; and (4) when used in reference to a **document**, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or attach an accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory.

(c)   **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, a court, and any other governmental entity.

(d)   **Plaintiff** as used herein means Selena Settles, William Settles or both depending upon the context of the Interrogatory.

(e)   **Medical Records** as used herein means the medical records which were created and maintained to record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

(f)   **Unity Health Care Southwest Health Center**, as used herein refers to the health center located at 850 Delaware Avenue, S.W., Washington, D.C. 20024.

## INTERROGATORIES.

1.   With respect to each and every expert this Defendant may call at the hearing and/or trial hereof, the Defendant is to state the name, professional address of each expert,

specialty of each expert, the subject matter on which each witness will testify, the substance of the facts considered and opinions held by each expert, the grounds and/or basis for each opinion, and attach a curriculum vitae as well as a copy of all reports received.

2.     State the name, address, and telephone number of each person, other than expert witnesses, who has knowledge or information regarding the facts of this case.

Respectfully submitted,

Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
**_Cardaro & Peek, L.L.C._**
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
410-752-6166
**_Attorneys for Plaintiff_**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___16ᵗʰ___ day of ___November___ 2007, a copy of the

Plaintiff's Second Set of Interrogatories to Defendant United States of America was mailed,

postage prepaid, to:

> Charlotte A. Abel, Esq.
> Assistant United States Attorney
> United States Attorneys Office
> Civil Division
> 555 4ᵗʰ St., N.W.
> Washington, D.C. 20530

_____
C. Drew Fritch

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WILLIAM SETTLES,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 05-1361 (JR)
Next Court Deadline: 03/06/08
Final Pretrial Conference

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT UNITED STATES OF AMERICA

Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch, and Cardaro & Peek, L.L.C., and pursuant to Rule 34, request this Defendant to produce and permit the Plaintiff to inspect, copy and photograph all documents, things and compilations referred to below in Defendant's possession, custody or control which embody, refer or relate to in any way the subject matter of this litigation within thirty (30) days of this request. These requests are considered to be continuing in character to the extent required by the Rules of the Court.

## INSTRUCTIONS

A.    As used herein, the word "document" refers to all writings and/or other tangible or electronic records including but not limited to all medical reports, records, charts, correspondence, notes, memoranda, minutes, inventory records, payroll records, corporate records, bank records, accounting records, logs, work reports, ledgers, books of account, tape or other recordings, contracts, files, photographs, depositions, hearing or trial transcripts and all other writings or other date, compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photograph, or other means, as well as phonic (such as recording) or video reproductions of any oral statement, conversation or event.

B.    As used herein, the word "document" includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced.

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
01 NORTH CHARLES STREET
SUITE 2100
ALTIMORE, MARYLAND 21201

(410) 752-6166

TELECOPIER
(410) 752-6013



PLAINTIFF'S
EXHIBIT
5B

C.   This request is directed to all documents within the possession, custody or control of the defendant, and also includes documents in the possession, custody or control of agents, persons or entities in privity with the defendant, including past or present attorney.

D.   As used herein, the term "relating to" means containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in the request.

E.   To the extent a privilege is claimed with respect to any document covered by this request for production of documents, defendant is requested to state with respect to such document the following:

    (1)   the basis for the claim of privilege;
    (2)   the author of such document;
    (3)   to whom such document is addressed;
    (4)   the date upon which such document was prepared;
    (5)   the title or heading of such document;
    (6)   the type of document (e.g., handwritten note, memorandum, tape recording, journal, desk calendar, book of accounts, etc.);
    (7)   any other information which might be necessary to describe such document sufficiently for designation thereof;
    (8)   its present location and custodian.

F.   These requests are considered to be continuing in nature to the extent required by the Rules of the Court.

G.   When producing documents, you should organize and label them where appropriate to correspond with the numbered categories in this request.

## DEFINITIONS

In these requests, the following definitions apply:

(a)   **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(b)   **Identify, identity**, or **identification**, (1) when used in reference to a natural **person**, means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a **person** other than a natural **person**, means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when

used in reference to any **person** after the **person** has been properly **identified** previously means the **person's** name; and (4) when used in reference to a **document**, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or attach an accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory.

(c)     **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, a court, and any other governmental entity.

(d)     **Plaintiff** as used herein means Selena Settles, William Settles or both depending upon the context of the Interrogatory.

(e)     **Medical Records** as used herein means the medical records which were created and maintained to record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

(f)     **Unity Health Care Southwest Health Center**, as used herein refers to the health center located at 850 Delaware Avenue, S.W., Washington, D.C. 20024.

## <u>REQUESTS</u>

1.      A copy of the "HIMS Policy and Procedure Manual" as identified in the Clinical Manual Policy No. 501.

2.      A copy of all "Missing Chart Forms" (as identified in Section 2(b) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

3.      A copy of all "Chart Transfer Slips" (as identified in Section 2(b) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

4.    A copy of all "Chart Discrepancy Forms" (as identified in Section 2(c) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

5.    A copy of all "Clerks Daily Operations Reports" (as identified in Section 2(d) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

6.    A copy of all "Clerks Monthly Operations Reports" (as identified in Section 2(d) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

7.    A copy of all "Daily Call Logs for Charts" (as identified in Section 2(e) under Synopsis of HIMS Duties attached to Clinical Manual Policy No. 502) which in any way refer to Selena Settles' medical records.

8.    A copy of all "Microfilmed Records" (as identified in the Clinical Manual Policy No. 503) which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

9.    A copy of all "Secondary Records" (as identified in the Clinical Manual Policy No. 503) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

10.    A copy of the "Departmental and Health Center's Policy and Procedure Manual" as identified in the Clinical Manual Policy No. 504.

11.    A copy of all "Sign Out Guide Forms" (as identified in Clinical Manual Policy No. 511) which in any way refer to Selena Settles' medical records.

12.    A copy of all "Printed Reports of Appointment Schedule" (as identified in Section C under Computerized Processing and Pulling of Charts referenced in Clinical Manual Policy No. 512) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

13.    A copy of all "Record Requests/Charge Out Slips" (as identified in Section A under Non-Computerized Processing and Pulling of Schedule PT referenced in Clinical Manual Policy No. 512) which in any way refer to Selena Settles' medical records.

14.    A copy of all "Appointment Lists" (as identified in Section A under Non-Computerized Processing and Pulling of Schedule PT referenced in Clinical Manual Policy No. 512) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

15.    A copy of the "Medical Chart History" (as identified in Clinical Manual Policy No. 513) which in any way refer to Selena Settles' medical records.

16.    A copy of all "Iron Mountain Transmittal Sheets" (as identified in Clinical Manual Policy No. 514) which in any way refer to Selena Settles' medical records.

17.     A copy of all "Iron Mountain Destruction Eligibility Reports" (as identified in Clinical Manual Policy No. 514) which in any way refer to Selena Settles' medical records.

18.     A copy of all "Iron Mountain Inventory Reports" (as identified in Clinical Manual Policy No. 514) which in any way refer to Selena Settles' medical records.

19.     A copy of all "A/S 400 Down Time Log Sheets" (as identified in Clinical Manual Policy No. 516) which in any way refer to Selena Settles' medical records.

20.     A copy of all "Charts Returned Sheets" (as identified in Clinical Manual Policy No. 516) which in any way refer to Selena Settles' medical records.

21.     A copy of the "A/S 400 Master Patient List CD-ROM" (as identified in Clinical Manual Policy No. 516) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

22.     A copy of all "Accounting of the Patient Personal Record Forms" (as identified in Clinical Manual Policy No. 517) which in any way refer to Selena Settles' medical records.

23.     A copy of all "Medical Record Tracking Forms" (as identified in Clinical Manual Policy No. 518) which in any way refer to Selena Settles' medical records.

24.     A copy of all "Courier Logs" (as identified in Clinical Manual Policy No. 518) which in any way refer to Selena Settles' medical records.

25.     A copy of all "Reports Regarding Charts Sent But Not Received" (as identified in Clinical Manual Policy No. 519) which in any way refer to Selena Settles' medical records.

26.     A copy of all "HIMS Department Operations Reports" (as identified in Clinical Manual Policy No. 519) which in any way refer to Selena Settles' medical records.

27.    A copy of all "Departmental Operations Reports" (as identified in Clinical Manual Policy No. 520) which in any way refer to Selena Settles' medical records.

28.    A copy of the "HIMS Policy on Account for Charts Signed Out, and Create Their Reports" (as identified in Clinical Manual Policy No. 520).

29.    A copy of the "HIMS Policy on Pre-Schedule Report Printing and Chart Pulling" (as identified in Clinical Manual Policy No. 520).

30.    A copy of all "Acknowledgement Request Letter Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

31.    A copy of all "Acknowledgement of Receipt Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

32.    A copy of all "Audit Chart Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

33.    A copy of all "Patient Multiple Appointment Notice Forms" (as identified in Clinical Manual Policy No. 523) which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

34.    A copy of all "Charge Out Slip Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

35.    A copy of all "In-House Transfer Slip Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

36.    A copy of all "Fax Transmission Cover Sheet Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

37. A copy of all "Missing Chart Tracking Log Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

38. A copy of all "HIMS Records Chart Demand Sheet Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

39. A copy of all "Audit/Review of Medical Chart Request Forms" (as identified in Clinical Manual Policy No. 523) which in any way refer to Selena Settles' medical records.

40. A copy of all "Loose Notes" (as identified in Clinical Manual Policy No. 508) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

41. A copy of all electronically stored information contained in the "AS/400" data base (as identified in the Clinical Manual Policy) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

42. A copy of all electronically stored information contained in the "SafeKeeperPlus" data base (as identified in Clinical Manual Policy No. 514) which in any way refer to Selena Settles' medical records and/or which in any way record and memorialize the care and treatment received by Selena Settles at Unity Health Care Southwest Health Center, 850 Delaware Avenue, S.W., Washington, D.C. 20024, during the period of time from February 26, 2003 – September 28, 2003.

43.    A copy of the "Internal Policy for Deceased Patient Chart Handling" (as identified in the Incident Report dated May 4, 2004 involving Selena Settles' medical records).

44.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or refer to any and all formal or informal investigation(s) conducted to locate Selena Settles' missing medical records.

45.    Any and all documents, including but not limited to medical records, notes, letters, incident reports and peer review reports, which describe and/or discuss any findings of any and all formal or informal investigation(s) conducted to locate Selena Settles' missing medical records.

46.    The complete file of any and all informal or formal investigations(s) conducted to locate Selena Settles' missing medical records.

47.    A copy of all "Purge/Destruction Forms" (as identified in Exhibit No. 1) which in any way refer to Selena Settles' medical records.

48.    A copy of all "Purge/Destruction Log Sheet Forms" (as identified in Exhibit No. 2) which in any way refer to Selena Settles' medical records.

49.    A copy of Unity Health Care's "330 Grant Information" as identified by Belinda Boykin in her October 23, 2007 deposition (at p. 31).

50.    A copy of Unity Health Care's "Health Plan Scope" as identified by Belinda Boykin in her October 23, 2007 deposition (at p. 31).

Respectfully submitted,

_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
*Cardaro & Peek, L.L.C.*
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
410-752-6166
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _16th_ day of _November_ 2007, a copy of the

Plaintiff's Third Request for Production of Documents to Defendant United States of America

was mailed, postage prepaid, to:

Charlotte A. Abel, Esq.
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th St., N.W.
Washington, D.C. 20530

_____
C. Drew Fritch

# CARDARO & PEEK, LLC

ATTORNEYS AT LAW
201 NORTH CHARLES STREET
SUITE 2100
BALTIMORE, MARYLAND 21201
(410) 752-6166

FACSIMILE (410) 752-6013
WWW.CARDAROLAW.COM

THOMAS C. CARDARO
MD, DC

JEFFREY L. PEEK
MD, DC

C. DREW FRITCH
MD, DC

MARGARET Y. DEFRIES
RN, BSN, LNCC
NURSE CONSULTANT

WASHINGTON, DC OFFICE

1875 I STREET, N.W.
5TH Floor
WASHINGTON, DC 20006

WASHINGTON, DC LINE:
(202) 628-7778

REPLY TO
BALTIMORE OFFICE

September 13, 2007

**_Via Facsimile and First Class Mail_**

Ms. Charlotte A. Abel, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
Room E4410
Washington, D.C. 20530

> **Re:**    **_William Settles v. United States of America_**
> United States District Court for the District of Columbia
> Civil Action No.: 05-1361 (JR)

Dear Charlotte:

My office is once again requesting deposition dates for Patsy Olds and Zerita Hudson. As you are aware, my office has made repeated requests to take their depositions. Please provide deposition dates immediately. Additionally, I ask that you please provide responses to the Plaintiff's discovery requests which have been outstanding for approximately five months. In particular, my office has repeatedly requested that you provide the investigation file concerning Ms. Settles' lost/destroyed medical records. My office has also requested the production of all documents which were submitted to, reviewed by, or created as a result of any formal or informal investigation conducted to review the care and treatment of Ms. Settles. Please provide the requested documents and responses to the Plaintiff's discovery requests as soon as possible. Lastly, we never received the Defendant's Rule 26 (a)(1) Initial Disclosure Statement which should have been provided to us some 19 months ago.

Although I go out of my way to avoid filing discovery motions, in light of the fast approaching trial, I will have to file such a motion to protect my client's interests if the requested information and deposition dates are not provided to my office in the immediate future. Of course, if you would like to discuss this matter, please do not hesitate to contact me. Thank you.

*1873\Abel.Disc.Req.9-13-07*



PLAINTIFF'S EXHIBIT

6A

ALL-STATE LEGAL®

Ms. Charlotte A. Abel, Esq.
September 13, 2007
Page 2

Very truly yours,

Thomas C. Cardaro

# CARDARO & PEEK, LLC

ATTORNEYS AT LAW

201 NORTH CHARLES STREET

SUITE 2100

BALTIMORE, MARYLAND 21201

(410) 752-6166

FACSIMILE (410) 752-6013

WWW.CARDAROLAW.COM

THOMAS C. CARDARO
MD, DC

JEFFREY L. PEEK
MD, DC

C. DREW FRITCH
MD, DC

MARGARET Y. DEFRIES
RN, BSN, LNCC
NURSE CONSULTANT

WASHINGTON, DC OFFICE

1875 I STREET, N.W.
5TH Floor
WASHINGTON, DC 20006

WASHINGTON, DC LINE:
(202) 628-7778

REPLY TO
BALTIMORE OFFICE

October 9, 2007

**_Via Facsimile (202) 514-8781 & First Class Mail_**
Ms. Charlotte A. Abel, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
Room E4410
Washington, D.C. 20530

Re:    **_William Settles v. United States of America_**
United States District Court for the District of Columbia
Civil Action No.: 05-1361 (JR)

Dear Charlotte:

I am writing to resolve the outstanding discovery issues we have in this case. I have been asking for many months now for deposition dates for certain witnesses involved with or having knowledge of the destruction of my client's medical records. I have not had a firm date provided for any of these witnesses. We are now approaching the trial date in this matter and I need you to provide me with deposition dates for these witnesses immediately. Also, it is simply unacceptable for there to be such a delay in your responding to Answers to Interrogatories. I need you to provide me with a firm date immediately with respect to when we can expect to receive the Defendants discovery responses.

Thank you for your attention to this matter.

Very truly yours,

Jeffrey L. Peek

PLAINTIFF'S
EXHIBIT
6B

*1873/Abel Disc Issues*

# CARDARO & PEEK, LLC

ATTORNEYS AT LAW

201 NORTH CHARLES STREET

SUITE 2100

BALTIMORE, MARYLAND 21201

(410) 752-6166

———————

FACSIMILE (410) 752-6013

WWW.CARDAROLAW.COM

THOMAS C. CARDARO
MD, DC

JEFFREY L. PEEK
MD, DC

C. DREW FRITCH
MD, DC

———————

MARGARET Y. DEFRIES
RN, BSN, LNCC
NURSE CONSULTANT

WASHINGTON, DC OFFICE

———————

1875 I STREET, N.W.
5TH Floor
WASHINGTON, DC 20006

WASHINGTON, DC LINE:
(202) 628-7778

———————

REPLY TO
BALTIMORE OFFICE

November 16, 2007

### _Via Facsimile and First Class Mail_

Ms. Charlotte A. Abel, Esq.
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W.
Room E4410
Washington, D.C. 20530

Re:    _William Settles v. United States of America_
United States District Court for the District of Columbia
Civil Action No.: 05-1361 (JR)

Dear Ms. Abel:

Enclosed kindly find the Plaintiff's Second Set of Interrogatories and Third Request for Production of Documents. Additionally, I ask that you please provide responses to the Plaintiff's previous discovery requests (i.e., First Set of Interrogatories and First and Second Request for Production of Documents) which have been outstanding for approximately 6 months. We also never received the Defendant's Rule 26 (a)(1) Initial Disclosure Statement which should have been provided to us some 21 months ago. Lastly, please provide the addresses and telephone numbers for Rodney Scales and James Cedarmont so that we can note their respective depositions.

Very truly yours,

C. Drew Fritch

PLAINTIFF'S
EXHIBIT

6C