UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SETTLES,<br>    Plaintiff,<br><br>            v.<br><br>UNITED STATES,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 05-1361 (JR)<br>)  ECF<br>)<br>)<br>) |

**DEFENDANT'S PRETRIAL STATEMENT**

Pursuant to Local Rule 16.5, the Defendant hereby submits this Pretrial Statement.

**I.   STATEMENT OF THE CASE**

This is a wrongful death and survival action brought against Unity Health Care, Inc. ("Unity"). Because Unity Health Care has been deemed to be a federal employee for the purposes of the Federal Tort Claims Act the United States is the sole proper defendant. Plaintiff, William Settles, the personal representative of the Estate of Selena Settles, contends that his daughter died as a result of the medical malpractice of Unity. Selena Settles was receiving prenatal care from Unity at the time of her death. Plaintiff has also asserted a spoliation claim against Unity for the loss or destruction of Selena Settles' medical records.

**II.   STATEMENT OF CLAIMS**

N/A

### III. STATEMENT OF DEFENSES

There is no evidence that plaintiff related a history of pre-eclampsia or high blood pressure to Unity staff, or that she complained of symptoms of hypertensive heart disease until September 24, 2008, four days before she died.

There is no evidence that Unity knew of plaintiff's alleged history of hypertension or toxemia prior to her death.

Dr. Nicholas was unaware of the results of the x-ray until after Ms. Settle's death.

Mr. Settles is the executor of the estate of Selena Settles but he is not a real party in interest. He does not share in any recovery except in a representative capacity.

Plaintiff is not entitled to recover non-pecuniary loss of services, loss of society.

Unity had no legal or contractual duty to preserve the medical records of Selena Settles:

> During the relevant time period, Unity was not a Federally Qualified Health Center as defined by 42 U.S.C.A. sec. 1395x (aa) (4); 42 C.F.R. sec. 491.2; and 42 C.F.R. sec. 405.2401 (b).
>
> Selena Settles was not covered by Medicare.
>
> During the relevant time period, Unity was not a Maternity Center as defined by D.C. Code sec. 44-501 (a) (2) and D.C. Mun. Regs. tit. 22, sec. 2699.1, licensed by the Mayor of the District of Columbia pursuant to D.C. Code sec. 44-502 (a).

### IV. SCHEDULE OF WITNESSES

1. Earl Nicholas, M.D.  Direct Examination: 1 hour.
   Dr. Nicholas will testify consistently with his deposition that to the best of his recollection Ms. Settles' pregnancy was not high risk and that there were no complications. When she complained of shortness of breath, he sent her for a chest x-ray at Howard University Hospital.

2. Teresa Marchese.  Direct Examination: .5 hour.  Ms. Marchese will testify consistently with her deposition that, to the best of her recollection, Ms. Settles did not present as a high-risk pregnancy patient.

3. Mark Hathaway, M.D.  Direct Examination: 1 hour.  Dr. Hathaway is a physician with a specialty in OB/Gyn who is affiliated with Unity and with Washington Hospital Center. Dr. Hathaway will testify as a fact witness with regard to established procedures, protocols, and practices in the OB/Gyn Department at Unity.

5. \*Michael Conte, Direct Examination: 3 hours. Dr. Conte will testify consistently with his report.

6. Maria Pierre-Louis, Medical Examiner: 1 hour. Dr. Pierre-Louis will testify about her findings in the autopsy report and her knowledge of Ms. Settles' medical histories from prior pregnancies.

7. Linda Nevins, Direct Examination: ½ hour. Ms. Nevins will testify about the loss of the medical records.

8. Dr. Cornelius Merrick: 1 hour. It is anticipated that Dr. Merrick will testify consistently with his deposition testimony.

## V.    LIST OF EXHIBITS

Billing Records

Medical Records

Sonogram Reports

Lab reports

Autopsy Report

X-ray Report

Death Certificate

VI.    DESIGNATION OF DEPOSITIONS

William Settles

| page | line(s) |
|------|---------|
| 12 | 3-5 |
| 12 | 6-7 |
| 12 | 18- |
| 19 | 19-21 |
| 21 | 10-14 |
| 23 | 4-11 |
| 24 | 4-6 |
| 24 | 8-11 |
| 24 | 12-14 |
| 24 | 15-23 |
| 25 | 10-12 |
| 28 | 4-6 |
| 28 | 9-13 |

VII.    ITEMIZATION OF DAMAGES

    N/A

IX.    REQUEST FOR RELIEF

    N/A

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR
D.C. Bar No. 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney


_/s/_____
CHARLOTTE A. ABEL
D.C. Bar No. 388582

Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332