UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

  Plaintiff,

v.

UNITED STATES OF AMERICA,

  Defendant.

: Civil Action No.: 05-1361 (JR)
: Next Court Deadline: 3/6/08
: Final Pretrial Conference

### PLAINTIFF'S STATEMENT OF OBJECTIONS TO THE DEFENDANT'S PRETRIAL STATEMENT

Now comes the Plaintiff, by and through counsel, Thomas C. Cardaro, Jeffrey L. Peek, C. Drew Fritch and Cardaro & Peek, L.L.C., and in accordance with LCvR 16.5, hereby submits the Plaintiff's Statement of Objections to the Defendant's Pretrial Statement, stating as follows:

### OBJECTIONS TO DEFENDANT'S STATEMENT OF DEFENSES

The Defendant alleges, inter alia, that the there is no evidence that Selena Settles had a history of, or had signs and symptoms of, or had complaints of preeclampsia, high blood or toxemia prior to her death. To the extent that the Defendant asserts defenses based on the lack of evidence which would have been contained within the medical records it lost/destroyed, the Plaintiff respectfully requests that this Honorable Court apply an adverse inference against the Defendant with regard to the missing evidence. See Rice v. U.S., 917 F.Supp. 17, 21 (D. D.C. 1996); More v. Snow, 480 F.Supp.2d 257, 275 (D. D.C. 2007); Mazloum v. District of Columbia Metropolitan Police Department, 2008 WL 142869, *6 (D. D.C. 2008); Battocchi v. Washington Hospital Center, 581 A.2d 759, 767 (D.C. 1990). The Defendant has admitted that it lost/destroyed Ms. Settles' medical records. The Defendant should not be permitted to

CARDARO & PEEK, LLC
ATTORNEYS AT LAW
01 NORTH CHARLES STREET
SUITE 2100
ALTIMORE, MARYLAND 21201

(410) 752-6166
TELECOPIER
(410) 752-6013

benefit from losing/destroying Ms. Settles' medical records.

<u>**OBJECTIONS TO DEFENDANT'S SCHEDULE OF WITNESSES**</u>

<u>Mark Hathaway, M.D.</u>: The Plaintiff objects to the Defendant calling Dr. Hathaway as a witness at trial. Yesterday during a telephone conversation, Defense Counsel, Charlotte Abel, Esq., informed Plaintiff's counsel for the first time that Dr. Hathaway possessed information regarding the whereabouts of portions of Ms. Settles' missing medical records. Defense counsel stated that she had spoken to Dr. Hathaway some time ago regarding his knowledge of the missing medical records. Yet, despite the mandatory disclosure requirements of Rule 26(a)(1), Defense counsel failed to disclose Dr. Hathaway's knowledge of the missing medical records until yesterday, on the eve of trial.

Defense counsel's withholding of Dr. Hathaway's information unduly prejudices the Plaintiff. For example, Dr. Hathaway knew the location of Ms. Settles' missing laboratory reports which were not disclosed to the Plaintiff until February 29, 2008. For some unknown reason, the laboratory reports were maintained at the Washington Hospital Center Gynecologic Oncology Department – a department where Ms. Settles was never treated. Ms. Settles did not have any known oncological concerns. Thus, despite Plaintiff's counsel's best efforts, the laboratory reports (and presumably other missing medical records) cannot be found without possessing special knowledge about their location – something apparently Dr. Hathaway possesses which was never disclosed to Plaintiff's counsel.

Additionally, Defense counsel never formally identified Dr. Hathaway as an individual likely to have discoverable information. <u>See</u> Plaintiff's Motion <u>In Limine</u> to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests.

<u>Michael Conte</u>:  The Plaintiff objects to the Defendant calling Mr. Conte as an expert witness at trial.  The Defendant did not identify Mr. Conte and did not disclose his purported expert opinions until approximately nine months past Rule 26(a)(2)'s expert rebuttal deadline.  <u>See</u> Plaintiff's Motion <u>In Limine</u> to Preclude Defendant from Introducing Evidence Not Disclosed in Accordance with Fed. R. Civ. P. 26(a) and Discovery Requests.

<u>Maria Pierre-Louis, M.D.</u>:  The Plaintiff objects to the Defendant calling Dr. Pierre-Louis as a witness at trial to the extent that the Defendant intends to elicit testimony beyond the findings and observations contained in Ms. Settles' autopsy report.

## **OBJECTIONS TO DEFENDANT'S EXHIBITS**

To the extent Defendant attempts to introduce medical records, sonogram reports, and other documents not previously disclosed pursuant to Rule 26(a)(1) and the Plaintiff's discovery requests, the Plaintiff, after review of the undisclosed exhibits, reserves the right to object to their use at trial.

Respectfully submitted,

\_\_/s/ Thomas C. Cardaro_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
C. Drew Fritch (#485704)
***Cardaro & Peek, L.L.C.***
201 North Charles Street
Suite 2100
Baltimore, Maryland 21201
202-628-7778
***Attorneys for Plaintiff***