UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM SETTLES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No.: 05-1361 (JR)

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the structured settlement broker, signing this agreement, whether or not a party to this civil action) and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. As soon as it is practicable after the execution of this Stipulation For

1

Compromise Settlement And Release, the United States will pay by wire transfer to Settlement Solutions of America's trust account at the Bank of America, 7316 Wisconsin Ave., Suite 200, Bethesda, MD 20814, (301) 493-2889, Account Number          , wire transfer ABA#           and Electronic Funds Transfer ABA#          , the sum of Nine Hundred Eighty Five Thousand Dollars and No Cents ($985,000.00) (hereinafter "settlement amount"), out of which the following disbursements will be made by Settlement Solutions of America from said trust account:

  A. $677,728.04 (Six Hundred Seventy Seven Thousand Seven Hundred Twenty Eight Dollars and Four Cents) present value as compensation for the wrongful death claim to the decedent's four minor children, to be divided equally and used to purchase four structured settlement annuities that will begin payment when each child reaches the age of 18; and more specifically as follows:

  1) $169,432.01 (One Hundred Sixty Nine Thousand Four Hundred Thirty-Two Dollars and One Cent) present value amount to Charnese Settles for her wrongful death claim. Defendant will pay to Plaintiffs' designated insurance company funds to purchase a structured settlement annuity[1] at a cost of $169,432.01, which will pay Charnese Settles the payments set forth in Exhibit A.

  2) $169,432.01 (One Hundred Sixty Nine Thousand Four Hundred Thirty-Two Dollars and One Cent) present value amount to Janiya Settles for

---

[1] The annuity for each child will be purchased from an insurance company, which has a rating of "A+" or better from A.M. Best. The payments reflected in Exhibit A are dependent upon the date of funding so there may be some variation in the actual payments depending upon when the annuities are purchased. The present value cost of each annuity, however, will remain the same.

2

her wrongful death claim. Defendant will pay to Plaintiffs' designated insurance company funds to purchase a structured settlement annuity at a cost of $169,432.01, which will pay Janiya Settles the payments set forth in Exhibit A.

3) $169,432.01 (One Hundred Sixty Nine Thousand Four Hundred Thirty-Two Dollars and One Cent) present value amount to Ronald L. Farrington for his wrongful death claim. Defendant will pay to Plaintiffs' designated insurance company funds to purchase a structured settlement annuity at a cost of $169,432.01, which will pay Ronald L. Farrington the payments set forth in Exhibit A.

4) $169,432.01 (One Hundred Sixty Nine Thousand Four Hundred Thirty-Two Dollars and One Cent) present value amount to Ronell Farrington for his wrongful death claim. Defendant will pay to Plaintiffs' designated insurance company funds to purchase a structured settlement annuity at a cost of $169,432.01 which will pay Ronell Farrington the payments set forth in Exhibit A.

B. Legal fee to Plaintiffs' counsel (twenty-five percent of present value of settlement), $246,250.00 (Two Hundred Forty-Six Thousand Two Hundred Fifty Dollars).

C. Repayment of litigation expenses of $45,004.61[2] (Forty-Five Thousand Four Dollars and Sixty-One Cents) to Plaintiffs' counsel.

---

[2] This sum includes payment of $3,368.00 in fees and expenses to the estate attorney for opening and closing the estate of Selena Settles.

3

      D.    $10,000.00 (Ten Thousand Dollars) to William Settles for his services as Personal Representative of the Estate of Selena Settles.

      E.    $6,017.35 (Six Thousand Seventeen Dollars and Thirty-Five Cents) to the District of Columbia Government for Medicaid benefits paid for medical services rendered to the decedent prior to her death.

      F.    A total of $19,385.35 (Nineteen Thousand Three Hundred Eighty-Five Dollars and Thirty-Five Cents) is allocated to the estate of Selena Settles and will be used to pay $10,000.00 (Ten Thousand Dollars) to William Settles, $3,368.00 (Three Thousand Three Hundred Sixty-Eight Dollars) to Charles Gormly, Esquire and $6,017.35 (Six Thousand Seventeen Dollars and Thirty-Five Cents) to the District of Columbia Government to repay Medicaid benefits as described above.

4.    The above referred annuity payments for Charnese Settles, Janiya Settles, Ronald Farrington and Ronell Farrington may be adjusted based upon the rates available at the time the annuity contract is purchased.

5.    The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the wire transfer of funds used to purchase the annuity contract.

6.    The parties stipulate and agree that the annuity company that issued the annuity contract(s) or its assignee(s) shall at all times have the sole obligation for

making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Stipulation For Compromise Settlement And Release. Checks lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company, but the annuity company is not liable for interest during the interim.

7. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

8. Plaintiffs and their guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company of the death of any beneficiary of said annuity contract(s) within thirty (30) days of death. In the event of the death of any of the above named beneficiaries during a period of certain payments, all remaining certain payments shall be made payable to the estate of that named beneficiary or to such other death beneficiary as may be designated in writing by that named beneficiary or his/her legal representative by notarized signature to the United States and the annuity issuer.

9. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the cash sums set forth above in paragraph 3 and the purchase of the annuity contract(s) set forth above in paragraph 3 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, costs and expenses, arising from, and by reason of; any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death or damage to property, and the consequences thereof, which the plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action. At all times herein the term "employee" of the United States includes Unity Health Care, Inc. and its officers, governing board members, employees and contractors who were physicians or other licensed or certified health care practitioners working full time or part time. In accordance with Section 224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73). Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests incident to or resulting or arising from the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

10. Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs and expenses.

11. The parties agree that this Stipulation for Compromise Settlement and Release including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
501 3rd St., N.W.
Washington, D.C. 20530
(202) 307-2332

Counsel for Defendant
United States of America

_____
William Settles
Person Representative of the Estate of
Selena Settles, Deceased, and on Behalf of
The Next of Kin of Selena Settles

_____
Thomas C. Cardaro (#418330)
Jeffrey L. Peek (#470442)
Cardaro & Peek, L.L.C.
201 North Charles Street
Suite 2100
Baltimore, MD 21201
(202) 628-7778

Attorneys for Plaintiff

_____
Guardian for Charnese Settles

_____
Guardian for Janiya Settles

_____
Guardian for Ronald L. Farrington

_____
Guardian for Ronell Farrington

Structured Settlement Broker:

_____
Judson N. Caddy, Jr.
Settlements Solutions of America
14308 Fox Creek Court
Cooksville, MD 21723
301-829-2665

8

APPROVED: _____
                James Robertson
                United States District Judge

DATE: _____